·MUNICIPALITY No. ONE *vs.* CORDEVIOLLE & LACROIX.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

EASTERN DIS.
*July*, 1841.

MUNICIPALITY
NO. ONE
*vs.*
CORDEVIOLLE &
LACROIX.
19   235|
113   385|
113   699|

The adjudication is the completion of a sale, so as to invest the purchaser *as owner*, and the right to possess the thing sold.

So, the adjudication entitles the vendor not only to damages for non-compliance but to an action for the price.

The sale is perfect between the parties and the property is acquired to the purchaser on an agreement between them, as to the object sold, and the price, even without delivery.

The purchaser may retain the price, when he is in danger of eviction from a previous claim on the property, except where he has been informed of it before the sale. A claim resulting from an act of the legislature, comes within the exception, as ignorance of it cannot be pleaded.

A claim of the draining company on land, for its improvement, is not adverse or a disturbance of possession.

Purchasers cannot complain of the failure of the vendor to pass an act of sale, when it was caused by their own acts, in directing the notary not to give up their notes.

This is an action to compel compliance with a sale and adjudication of certain lots of ground, which the Municipality No. One, caused to be sold at public auction in March, 1837, and the defendants were the highest and last bidders. The plaintiffs claim the sum of $6,450 as due, and that the defendants be required to accept the act of sale tendered to them and give up their notes according to the terms thereof.

The defendants set up several matters in defence, and particularly rely on the claim of the New Orleans Draining Company, on said lots for draining improvements made thereon; and aver that they are in danger of eviction. That they have not received any deed or title to said property, and that no sale has in fact taken place : But if the sale was ever valid it should be rescinded, or the price reduced in consequence of the diminished value of the property by the claim of the Draining Company. They pray that the suit be dismissed.

The cause was submitted to a jury on these issues, and the

EASTERN DIS.
July, 1841.

MUNICIPALITY
NO. ONE
*vs.*
CORDEVIOLLE &
LACROIX.

evidence adduced. There was a verdict and judgment for the plaintiffs and the defendants appealed.

*Roselius & Upton*, for the plaintiffs and appellees.

*Grymes & Bodin*, for the defendants and appellants.

*Martin, J.* delivered the opinion of the court.

The defendants are appellants from a judgment, by which the plaintiffs recovered the price of certain lots adjudicated to the defendants, and for which the plaintiffs hold their notes.

It is not denied that the adjudication took place : It is admitted that the defendants left their notes with the notary, but it is averred that no deed of sale was executed or signed by either of the parties. Payment is resisted on the ground that the lots were and are in possession of the Draining Company, which has a mortgage thereon for the value of their improvement of the ground, and that neither this possession or mortgage was made known at the time of sale. There was a verdict and judgment against the defendants, and they made an unsuccessful effort to obtain a new trial.

Our attention is first drawn to a bill of exception taken to the refusal of the judge to give the following instructions to the jury.

1. That an adjudication by an auctioneer is not a completion of the contract of sale so far as to give possession of the property sold, to the vendee.

2. The only effect of the adjudication at public sale is to put the property adjudicated at the risk of the vendee ; and may perhaps, besides, have the effect of a promise to sell and an agreement to purchase.

3. That the default to pass the act of sale after the adjudication at auction, only entitles the vendor to damages ; amounting perhaps to the price of the sale.

4. That a sale is not complete, except by the possession being given to the vendee, of the object sold.

5. That if the contract of sale contains a clause of warranty, and the jury think the claim of the Draining Company arose anterior to the sale, the plaintiffs, as vendors, in case of eviction, are obliged to return the price if paid; or cannot claim the price if none has yet been paid.

6. That if the jury believe the Draining Company have had control and possession of the property up to this date, and that the plaintiffs have not been able to give possession to the defendants, the law authorizes a rescission of the sale; the purchaser being entitled to the enjoyment of the thing sold.

7. That if the defendants are sued upon the adjudication, the condition thereof being that an act of sale *shall be passed,* then it was incumbent on the plaintiffs to show the refusal of the defendants *to sign.*

I. The Louisiana Code, 2586, expressly declares that the "adjudication is the completion of the sale; and the purchaser becomes the owner of the object adjudged:" It would seem the right of possession would also follow, as a consequence of ownership.

II. After the above declaration contained in the Code, it was idle to require the judge to instruct the jury, "that the only effect of the adjudication was to place the thing adjudged at the risk of the vendee," or was only like "a promise to sell and an agreement to purchase."

III. If the adjudication was a completion of the sale, it entitled the vendor to something more than damages, to wit: an action for the price.

IV. The Louisiana Code, 2431, declares that the sale is considered to be perfect between the parties, and the property acquired to the purchaser, on an agreement of the parties on the object and price, although the object be not delivered, nor the price paid.

V. If any one has a claim on the thing sold, whereby the purchaser is in danger of eviction, he may retain the price; but there is an exception to this rule when he has been inform-

EASTERN DIS.
*July,* 1841.

MUNICIPALITY
NO. ONE
*vs.*
CORDEVIOLLE &
LACROIX.

The adjudication is the completion of a sale, so as to invest the purchaser *as owner,* and the right to possess the thing sold.

So, the adjudication entitles the vendor not only to damages for non-compliance, but to an action for the price.

The sale is perfect between the parties and the property is acquired to the purchaser on an agreement between them, as to the object sold, and the price, even without delivery.

The purchaser may retain the price, when

EASTERN DIS.
July, 1841.

MUNICIPALITY
NO. ONE
vs.
CORDEVIOLLE &
LACROIX.

ed before the sale of this danger; La. Code, article 2535, latter clause.

The court was certainly correct in refusing to give any of the first four instructions required.

he is in danger of eviction from a previous claim on the property, except where he has been informed of it before the sale. A claim resulting from an act of the legislature, comes within the exception, as ignorance of it cannot be pleaded.

The fifth instruction might have been given. It ought however to have been accompanied with the modification of the article 2535 of the Code above cited ; which would have rendered it irrelevant. The defendants were within the exception which modifies the general rule; as the possession and mortgage of the Draining Company results from an act of the legislature, the ignorance of which cannot be pleaded.

VI. The sixth instruction, refused by the judge, was in our opinion irrelevant. The control and possession of the Draining Company resulted from their act of incorporation which shows that it was exactly the same right that in 1805 was given to the Orleans Navigation Company, which was the mere right of improving the land by drains, levees, canals, &c., without conferring on the company any possession adverse to, or exclusive of, that of the owners of the land to be improved.

A claim of the Draining Company on land, for its improvement, is no adverse or disturbance of possession.

VII. We have already seen that the adjudication is a completion of the sale. The testimony shows that the defendants prevented the execution of the act of sale by directing the notary not to give up the notes to the Mayor when he presented himself to sign the act; in consequence of which the notary would not allow the Mayor to sign.

On the merits it appears that the defendants after they had deposited their notes with the notary, declined the completion of the act of sale, and forbid the notary from parting with said notes, under the pretence that they were in danger of an eviction from the premises ; and that the plaintiffs presented themselves before the notary to complete the act of sale and receive the defendants notes. On these facts it is clear that the defendants cannot complain that the deed of sale was not executed by the plaintiffs, since their own conduct alone prevented its execution.

Purchasers cannot complain of the failure of the vendors to pass an act of sale, when it was caused by their own acts, in directing the notary not to give up their notes.

Nothing in the evidence shows that the alleged apprehension

of eviction was any thing but chimerical. The operations of the Draining Company, authorized by the act of the legislature, were known by the defendants and the public; and most probably the expectation of the advantages which these operations seemed to promise were the inducements which led the plaintiffs to improve the favorable moment to sell and the defendants and others to bid. It appears that the jury viewed the matter in this light. The inferior court has expressed its satisfaction with the verdict, and we see no ground on which to disapprove it, or disturb the judgment.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.