John Carson, Administrator of the Succession of Milton Johnson, *v.* William C. Dwight and another,

The commencement of a suit for freedom by a slave sold by plaintiff to defendants, cannot justify the latter in withholding the price, nor is it ground for annulling the sale. All that defendants can require is security for the title, or for reimbursement for the price in case of eviction.

In an action for the price of a slave, resisted on the ground of a suit for freedom having been instituted by such slave, for the purposes of justice the court may order a stay of execution till security be given against the danger of eviction, though not prayed for in the answer, and even though there be no prayer by defendant for general relief.

Appeal from the District Court of St. Mary, *Campbell*, J.

*Maskell*, for the plaintiff.

The appellants appeared for themselves.

Simon, J. The defendants are appellants from a judgment condemning them to pay, *in solido*, to the plaintiff, the sum of $131 88, with interest, as being the balance due upon the price of a negro woman named Isabella, purchased by one of the defendants, for the sum of $700. The negro woman having been seized and sold to satisfy the second instalment of the price, being $350, brought only $290, which, after paying the costs, was applied to the satisfaction of the debt to the amount of $232 62.

The defendants resist the claim set up by plaintiff, on the ground, that the woman Isabella is entitled to her freedom, as she was brought from Texas into the United States, contrary to the laws of the United States, and as she came from a country where slavery was not, at that time, tolerated. They further allege, that they paid the first instalment of the price, to wit, $350; and that a suit has been brought by Isabella against the purchaser at the Sheriff's sale, for her freedom. They oppose the amount by them paid on the first instalment, as a reconventional demand against the plaintiff; and pray, that the sale may be declared null

and void, that the plaintiff's demand be rejected, and that judgment may be rendered in their favor, against the plaintiff, for the sum of $350.

The right of the defendants to recover the amount of their reconventional demand, clearly depends upon the result of the suit instituted by Isabella; and this right will exist only in case it be decided, that she was entitled to her freedom at the time of the sale. But it is clear, that this question cannot be inquired into collaterally in this suit; and that, as the case stands, it cannot be used as a defence against the payment of the price, nor be invoked as a ground of nullity against the sale. Isabella has brought a suit, which is yet undecided; and all that the defendants may perhaps require of the plaintiff, is, that he should give them security for the title transferred, and for the reimbursement of the amount paid, in case of eviction. 6 La. 221. This, however, does not appear to be sought for at our hands. The answer contains no prayer to that effect. It does not even pray for general relief. The slave was sold without any opposition, on the part of the defendants, to the Sheriff's proceedings; and we are of opinion, that with regard to the reconventional demand, the same is premature, and can only be set up after the final result of the suit instituted by Isabella, in case she succeeds. We are constrained to reject it; but we are disposed, however, for the furtherance of justice, to relieve the defendants against the danger of eviction, though not prayed for in the answer.

It is, therefore, ordered, that the judgment appealed from be affirmed, with stay of execution, till the plaintiff gives to the defendant good security to protect him from injury arising from the slave succeeding in her suit; the appellee paying the costs of this appeal.