Morphy, J.
This is an action brought against the defendant by his ward, to compel him to render an account of his administration. She alleges that, as her tutor, he has received large sums of money from the succession of her grandfather, Andrus Gil, and from other sources, and particularly a sum of about five hundred dollars paid over to him by the Probate Judge of the parish of East Baton Rouge, and derived from the said Andrus Gil’s estate. She further represents that, although often requested, he has never rendered any account of his tutorship, and refuses to pay over the moneys belonging to her in his hands. She prays, that *51 he may be ordered to render his account as her tutor, and that he may be adjudged to pay her the sum of five hundred dollars, or whatever may be found due to her, with five per cent interest thereon, &c. The defendant excepted to the petition as not containing a clear and concise statement of the object of the demand ; but the inferior Judge having overruled this exception and ordered him to give in his account within a delay of twenty days, he filed an answer, in which he admits that he was appointed tutor to the petitioner, aud, as such, administered to her wants, but he denies that he ever received for her any sum of money from the succession of Andrus Gil, or that any such succession was ever opened in the parish of East Baton Rouge ; and he further denies that he has any thing to account for on her demand. This answer, which seems to have been received and treated below as an account, was excepted to by the petitioner as too vague and indefinite ; and by way of opposition to it she sets forth various sums which she alleges had been received by her tutor, being the proceeds of cattle sold, and the value of personal property belonging to her, by him appropriated to his own use ; and states, that the $500 paid to the defendant by the Probate Judge of East Baton Rouge, were derived from the succession of her grandmother, Suzanne Vacherez, the deceased wife of Andrus Gil, and not from the estate of the latter as alleged in her petition. The Judge below rendered a judgment in her favor for $518, with costs. The defendant has appealed.
The evidence adduced by the plaintiff fully sustains the judgment appealed from; but it is urged, that under the averments of the petition the Judge improperly received it, and we are referred to the case of Pargoud v. Guice, Administrator, 6 La. 77, in which this court held, that a general allegation of a party being indebted in a gross sum, without any specification of the time, place or manner in which the sum claimed accrued, is too vague to authorize the admission of proof in support of it. The rule thus laid down, which is one well settled in our practice, is inapplicable to a case like the present. Its object is to apprize the opposite party of what is demanded of him, that he may not be taken by surprise; but when a tutor is called upon to render his account, he knows exactly what is asked of him ; his ward is un *52 der no obligation to state the time, place, and manner, in which he may have received the sums he is accountable for. Under article 998 of the Code of Practice, the minor may pray that his tutor be decreed to give an account of his administration, or to pay such sum as he may suppose to be due. If the tutor render an account, it is open to every objection the minor may make, by reason of any errors or omissions in it to his prejudice; but where as in this case, the tutor renders no account, the minor may prove any sum which has been received by him. A tutor called upon to account, should not be permitted to avail himself of his ward’s want of information in relation to his rights ; and he cannot require of him that strictness in pleading which may be exacted from ordinary suitors. The course pursued by the defendant, in this case, was disingenuous. He was well aware that the $500 he had received from the Probate Judge, was derived from the succession of his pupil’s grandmother; and the Judge, in our opinion, properly admitted the evidence adduced by the plaintiff in support of her claim, especially after she had in her supplemental petition, corrected the erroneous statement she first made. We have been requested by the appellee to amend the judgment appealed from, by rejecting the commissions allowed to the defendant, and granting her interest from its date. We do not think that the Judge erred in allowing to the defendant his commission, although he did not expressly claim any. It was a deduction to which he was entitled in the settlement of the balance he was decreed to pay to his ward; but the latter was clearly entitled to legal interest, from the date of the judgment liquidating such balance. Civ. Code, art. 353.
It is, therefore, ordered, that the judgment of the Court of Probates of the parish of East Baton Rouge, be so amended, as to bear legal interest from the 24th of November, 1843; and that it be affirmed, in all other respects, with costs.