JOHN M. FULLER v. JAMES R. HARMAN.

One who purchases land at a sheriff's sale, with a full knowledge of the difficulties he may encounter from the claims of a third person, buys the title such as it is, and cannot suspend payment of the price, because of any disturbance resulting from the possession of the person of whose pretensions he was aware. C. C. 2535, 2598. Nor can he, until evicted of his title, claim the expenses to which he may be subjected in asserting it. C. C. 2599. C. P. 711.

APPEAL from the District Court of Claiborne, *King*, J.

*Lawson*, for the appellant.

*Sherburne* and *Smith*, for the defendant.

MORPHY, J. On the 1st of March, 1841, the defendant, James R. Harman, brought suit against one William Smallwood, an absentee, and had a writ of attachment levied upon the "north east quarter of section 17, in township 16, of range number 12 west," in the parish of Claiborne. The land was sold, in July, 1841, to satisfy a judgment obtained by Harman in that suit, when J. M. Fuller became the purchaser of it, for $500 06¼, and gave a twelve-months' bond for the amount. At the maturity of this bond an execution was issued upon it against Fuller, who enjoined it, on the ground that he had acquired no title to

the land under the sheriff's sale, as Smallwood, the defendant in the suit, had sold the said land to one Reuben White before the levying of the attachment, and that White, who was in possession, refused to deliver it up to him.   On a hearing of the case below the injunction was dissolved, with damages, and the plaintiff appealed.

The evidence shows that William Smallwood, who was residing in Texas, executed a sale of the land in question to Reuben White, by an act under private signature, dated the 28th of February, 1841, which act was recorded in the parish judge's office of Claiborne, only on the 23d of March following.   The evidence in the record has failed to satisfy us that, under the sale made in Texas, the purchaser took possession of the land before the 1st of March, 1841, the date of the seizure under the attachment.   The only testimony offered to prove such possession is given by James C. Scott, one of the subscribing witnesses to the sale under private signature.   He tells us, that it was executed in Texas, on the 28th of February, 1841 ; that he signed it as a witness ; and that he returned from Texas on the 1st or 2d day of March following.   The attachment was levied on the 1st of March, the very day after the sale was made, and, therefore, before the witness could have taken possession of the land for White, as he says he did.   Under these facts, which present to us the question, whether an attaching creditor is entitled to be paid out of the proceeds of an immovable attached, in preference to a vendee under a sale *sous seing privé*, dated prior to, but recorded subsequent to the levying of the writ of atttachment in the office of the parish judge, and whose possession is not clearly shown to have preceded such attachment, we would hesitate much before declaring the lien of the attaching creditor defeated by such a conveyance, and the purchaser at a sheriff's sale made in the attachment suit without a title to the property.   5 Mart. N. S. 423.   7 Ib. N. S. 579.   11 La. 342.   3 Robinson, 162.   B. & C.'s Dig. 596.   But it is not necessary to decide this question in this suit, as we have not before us the proper parties, and as there is another ground, upon which, in our opinion, the plaintiff must fail in the present action.   The evidence shows not only that the sale of Smallwood to Reuben White, was pub-

licly read aloud at the sheriff's sale, but that a recital of its date and registry was embodied in the sale executed by that officer to the plaintiff in injunction. It is shown that, notwithstanding the announcement made of White's claim to the land, a bid of $500 preceded that of Fuller. He made the purchase, then, with a full knowledge of the difficulties he might have to encounter. and obtained the land, perhaps, at a lower price on that account, He bought the title such as it was, and cannot suspend the payment of the price in consequence of the disturbance resulting from the possession of White, of whose pretensions he was fully aware. Civil Code, arts. 2535, 2598.

The plaintiff does not pray to be relieved from his contract, but that he be allowed $500, to defray the expenses of a suit he has brought against Reuben White to assert his title. This he has no right to. If he is evicted of his title under the sheriff's sale, he may then try his cause for reimbursement against the seized debtor and seizing creditor, according to article 711 of the Code of Practice, and article 2599 of the Civil Code ; but. in the mean time, he must assert his title at his own expense, and has no claim upon the defendant.

*Judgment affirmed.*