MICHAEL
*v.*
CREDITORS.

## BEMISS *v.* DWIGHT et al.

3  337
113  385

Where the purchaser was aware, before the sale, of the existence and object of a suit in which a third person set up title to the property sold, he cannot suspend payment of the price, nor require security against the danger of eviction. C. C. 2535.

Where a judgment for a principal sum, with interest at ten per cent a year, was rendered, before the stat. of 19 February, 1844, reducing the rate of conventional interest to eight per cent, a twelve-months' bond given for the price of property sold under a *fi. fa.* issued on the judgment, though executed after the passage of that act, might lawfully contain a stipulation for interest at ten per cent. *Per Curiam :* The judgment creditor had a vested right to interest at that rate until paid.

An amendment inconsistent with the original petition is inadmissible.

APPEAL from the District Court of Madison, *Selby*, J. *Bemiss, Thomas* and *Snyder*, for the appellant. *Amonett*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. Under an execution in favor of *Dwight & Hartman* against the plaintiff's husband, she became the purchaser at sheriff's sale of certain slaves then belonging to him, and gave her twelve months' bond, bearing ten per cent interest. She failed to pay her bond, execution was issued, and she enjoined the writ in the present suit.

The first ground of injunction was that, since her purchase her husband's title to the slaves had been adjudged void by the District Court of Madison, in the suit of *Dupuy* v. *Bemiss*. This was true, but before the trial of the present suit in the court below, the case of *Dupuy* v. *Bemiss* was decided by this court. The judgment of the District Court was reversed, and the title of *Bemiss* was sustained. See the report of that case, 2 Annual R. p. 509. So far as that ground was involved the court did not err in dissolving the injunction, the danger of eviction being dispelled. But the defendants contend that, as there was no actual eviction, the mere danger of eviction at the suit of *Dupuy* was not a sufficient ground for suspending the payment of the price, because at the time of her purchase, she was aware of the existence of that suit. It is proved that the suit of *Dupuy* v. *Bemiss* was pending when *Mrs. Bemiss* purchased, and that she was then aware of its existence and object. Her case then falls within the exception of the Code, art. 2535, which while it gives the buyer, who is disquieted in his possession, or has just reason to apprehend that he will be, the right of suspending payment, denies him this equitable protection when he was informed before the sale of the danger of eviction. The purchaser was therefore bound to pay, her only recourse being for the restoration of the price if eviction should actually occur; the injunction was conse-

BEMISS
v.
DWIGHT.

quently wrongful, and the defendants were entitled to damages. See *Fuller v. Harman*, 9 Rob. 205.

Another ground of the injunction was that, ten per cent interest was unlawfully stipulated in the twelve-months' bond. This bond was executed after the statute of 1844, which reduced the rate of conventional interest to eight per cent. But the judgment upon which the execution issued bore ten per cent interest, and the bond properly followed the judgment. The statute could not, and was not intended to, affect past contracts and rights acquired under them. The judgment creditor had a vested right to ten per cent interest until paid, and that right would have been impaired if the credit of twelve months were allowed at an inferior rate.

An application was made by the plaintiff, after issue joined, and at the time at which the cause was tried, for leave to amend the petition. This the court refused, and we cannot say there was error. The matters alleged in the proposed amendment, are inconsistent with the original petition, they are not stated to have come to her knowledge since the institution of the suit, nor are they pleaded with such fullness and certainty as to show a want of right on the part of the defendants to enforce the bond.

The judgment of the court below is therefore affirmed, with costs, but with the amendment that the said *Dwight & Hartman* do recover of the said *Elizabeth M. Bemiss* and *Alonzo Snyder*, her surety, *in solido*, the sum of $100 as damages.