### J. P. MASON v. POLICE JURY OF THE PARISH OF TENSAS et al.

The police jury of the parish of Tensas had authority under the statute of 1852, entitled "an Act to amend an Act relative to the building of the levees in the parish of Tensas," &c., &c., to pass an ordinance imposing an annual tax, ad valorem, upon all the taxable lands in the parish of Tensas, for building and repairing levees on the Mississippi river in that parish. *Slidell*, C. J. *Campbell*, J., and *Ogden*, J., concurring.

"Taxable lands" comprise buildings on lands, so as to authorize the buildings to be estimated in making an assessment for taxation; for, in legal contemplation, buildings are a part of the land. *Slidell*, C. J. *Campbell*, J., and *Ogden*, J., concurring.

The mere fact of an assessor copying his assessment roll from the State assessment, (there being no application for correction to the proper officers within the legal delay, and it being admitted that the estimation was fair,) does not make the assessment inoperative. *Slidell*, C. J. *Campbell*, J., and *Ogden*, J., concurring.

The general authority to the police jury to assess and collect an *ad valorem* tax upon all taxable lands in the parish, is controlled by the subsequent part of the law which is directory to the assessor, and requires him to describe the lands comprised in his roll by the owner's name, and *the number of acres* owned by each. This direction can only apply to tracts of land, other than town lots, unless those lots are of a size sufficient to be described in acres. *Buchanan*, J.. dissenting.

Laws which give to municipal or other corporations the right of taxation, are, *pro-tanto*, a delegation of sovereign power, and should be construed with strictness. *Buchanan*, J., dissenting.

The law requires the assessor of the levee tax to make the assessment himself, and to make that assessment by copying from the State assessment roll is illegal. *Voorhies*, J., dissenting.

APPEAL from the District Court of the Parish of Tensas, *Perkins*, J. *Stacy & Sparrow*, for plaintiff and appellant. *T. P. Farrar*, for defendant.

SLIDELL, C. J. Under the statute of 1850, p. 33, I am of opinion the police jury of Tensas had authority to pass an ordinance imposing such a tax as is stated in the petition and admitted in the answer, to wit, an annual tax, ad valorem, upon all the taxable lands in the parish of Tensas, for building and repairing levees on the Mississippi river, in said parish. Such ordinance was a legal ordinance, and the tax a legal tax.

I am also of opinion, the words. "taxable lands," comprise buildings on lands, so as to authorize them to be estimated in making the assessment. That the mere naked soil, apart from the buildings attached to it, is alone liable to this taxation, seems to me untenable. In legal contemplation they are part of the land. The purpose of the tax is to protect the whole landed estate of the parish from injury by inundation. There might perhaps have been a propriety in the Legislature's authorizing a discrimination between lands used for agriculture and those employed for building purposes, between rural and urban property; but no such discrimination has been made; and, it is obvious, both classes of property would be benefited by protection from inundation, although the degree of benefit might perhaps be greater in one case than in the other.

The mere fact of an assessor's copying his assessment roll from the State assessment, (there being no application for correction to the proper officer within the legal delay, and it being on the contrary admitted that the estimation was fair,) does not seem to me to make the assessment inoperative.

I think the appellant should take nothing by his appeal, and that he pay the costs in both courts.

CAMPBELL, J. I concur.

OGDEN, J. I concur in the opinion of Chief Justice Slidell.

BUCHANAN, J., dissenting. The defendants derive their power of taxation for creating and keeping up a special fund for levee purposes, from the Act of Assembly of 1850, page 32 of the Session Acts. The 4th section prescribes the mode of assessing said tax, in the following words? "Said police jury shall annually appoint an assessor of levee taxes, who shall make an assessment of all lands owned in said parish, and a roll thereof, specifying, opposite each owner's name, the number of acres of land, valuation and amount of tax assessed." The evidence, to my mind, makes it doubtful whether a separate levee tax roll was made or not.

But granting the roll was made, I am of opinion that it could not legally include town lots. It is true, a previous part of the section declares that the police jury may assess and collect an *ad valorem* tax upon all taxable lands in the parish ; but this general expression is controlled by the subsequent passage quoted above, which is directory to the assessor, and requires him to describe the lands comprised in his roll by the owner's name, *and the number of acres* owned by each. This direction can only apply to tracts of land, other than town lots, unless those lots are of a size sufficient to be described in acres. Laws which give to municipal or other corporations the right of taxation, are, *protanto*, a delegation of sovereign power, and should be construed with stictness. In the law now under review, a very summary process of seizure and sale is accorded to the police jury for the collection of its levee tax. A power which involves the right of forced expropriation, cannot be too jealously guarded in its application. Applying these principles to this case, I find a right of assessing a tax upon land according to the number of acres contained in the land taxed. This law is not fulfilled by an assessment which does not express the number of acres, nor applicable to land of less quantity than an acre.

I concur in the opinion, that the injunction should be perpetuated.

VOORHIES, J., dissenting. This is an appeal from a judgment dissolving an injunction obtained by the plaintiff.

The legality of a levee tax, assessed on his property, under the 4th section of an Act entitled, "an Act to amend certain sections of an Act relative to the building of levees in the parish of Tensas, and to create a special fund for levee purposes, and enforce the collection of the same," approved 2d March, 1850 is the only question presented in the case. That section empowers the police jury to impose, assess, and collect an annual *ad valorem* tax upon all the taxable lands in the parish of Tensas, for building and repairing levees on the Mississippi, within its limits. To this end, it is made the duty of the police jury to appoint annually an assessor of levee taxes, whose duties are therein prescribed.

The property of the appellant on which the assessment was made, consisted of two lots of ground, including the buildings thereon erected, situated in the village of Waterproof, and appraised at $2000. It is admitted that the property, at the date of the assessment, was of the value placed upon it, to wit, the lots at $400, and the buildings at $1600. The evidence shows that the assessment made by the assessor of the levee tax, was copied from or based upon the assessment of the State taxes.

MASON
v.
PARISH OF TENSAS

The grounds of objection urged by the appellant's counsel against the legality of the assessment, are, 1st. That the tax could only be levied upon the assessed value of the lots alone, and not upon the buildings. 2d. That a separate assessment of the taxable lands should have been made, and the levee tax levied upon that assessment.

I think the last objection is well taken. As a test of its legality, it may be asked, whether a forced alienation under this assessment, standing as a judgment, would convey a valid title to the purchaser? I think not. The terms of that section are too plain to leave any room for doubt as to the meaning of the lawgiver. The duties of the assessor are clearly defined : He " shall make an assessment of all lands owned in said parish, and a roll thereof, specifying opposite each owner's name, the number of acres of land, valuation and amount of tax assessed," &c. In our law, an assessor is one who has been legally appointed for the purpose of appraising property with a view of laying a tax on it. It was therefore requisite that the assessor of the levee tax should himself have made the assessment. But it is urged by the defendants' counsel in his brief, that " the State and school tax roll is presumed to contain a fair assessment of the property for all purposes. Any other assessment fairly made, would be precisely the same, and the adoption by the police jury of the State assessment roll as the levee assessment roll, made out by W. Brantz, State, parish and levee assessor, is to all intents a specific assessment for levee taxes. The law has, therefore, been substantially complied with." This is answered by the requirements of the statute, which are imperative, that the assessment shall be made by the assessor of the levee tax. 6 N. S. 347. 7 La. 50. 10 La. 283. 4 Ann. 252.

There is no proof in the record, that W. Brantz acted in both capacities, as State and levee tax assessor, as assumed by the appellee's counsel. I am, therefore, of opinion that the judgment of the District Court should be reversed, and the injunction made perpetual.