## McDonold & Coon v. James Vaughan.

Before the institution of an action for the rescission of a sale, the party seeking relief must offer to place his adversary in the same situation that he was before the act of sale was passed.

The plaintiff, in an action for rescission, must establish the loss of the whole or part of the thing sold; the loss must be certain—it will not suffice if it appears probable.

The loss will be considered as certain, if a perfect outstanding title in a third person is shown to exist.

A statement of the Commissioner of the General Land Office in a letter, to the effect that he has canceled a certificate, does not amount to an eviction which should rescind a sale between third persons.

When, in an action for the rescission of a sale, it appears that the plaintiff has not suffered any actual disturbance, but it is shown that he is in danger of being disturbed in his possession—Held: That under the prayer for general relief, the court may order the defendant to give security as provided in such cases, by Art. 2535 of the Civil Code.

APPEAL from the District Court of the Parish of Ouachita, *Mayo, J.*

*Morrison & Purvis,* for plaintiffs. *J. T. Ludeling,* for defendant and appellant.

*Opinion of the District Judge.*—" The plaintiffs sue to rescind a sale of a tract of land made to them by the defendant, *Vaughan,* on the 28th of April, 1857, on the ground that he had no title to the greater and most valuable part of the tract.

" The sale was made for fifteen thousand dollars, for which the vendors executed their notes to the order of *Vaughan,* but as they had not been delivered at the time this suit was instituted, they were sequestered. A curator *ad hoc* has been appointed to represent the defendant, who resides in Camden, Arkansas. The defendant, however, has appeared in court by his attorneys-at-law, and first excepts and says, the defendant has never been put *in mora,* that no allegation

to that effect is contained in the petition, and that plaintiffs have never offered to return the land purchased.

McDONALD
v.
VAUGHAN.

" The principal grounds of defence set up by defendant in his answer, are that the present suit was instituted with the fraudulent intent to delay the collection of the notes given for the price of the land, while they enjoyed the fruits and revenues of the property sold ; that the plaintiffs ' well knew the condition of the lands and titles at the time they bought ; that they knew them better than he did, who is an absentee,' that the V., S. & T. R. R. Company has obligated itself to make to him a title for such portions of the lands as it may own, whenever it shall have been ascertained that said company are the owners thereof.

" The defendant further sets forth, that so soon as he heard of the present suit, (which was the first intimation he had of the plaintiffs' intentions not to carry out their contract,) he offered to give the plaintiffs any security they might require for the titles, and that he afterwards, through his agents and attorneys, offered to cancel the sale or give security ; that he also informed them of the fact above stated, that the V., S. & T. R. R. Company had obligated itself to make him a title to the lands aforesaid, should it ever become the owner thereof. He denies that the plaintiffs have been disturbed in their possession, or that there is any just reason to fear eviction.

"· The law is well settled, not only by the textual provisions of the Civil Code, but by repeated decisions of the Supreme Court, that in all actions of rescission, the party seeking relief must first offer to restore his adversary to the situation he was in before the contract. See C. C. 1906 ; 3 Rob. 400 ; 9 Rob. 52, 184 and 510 ; 3 An. 208 ; 6 N. S. 229.

" No offer to return the land has been alleged or proved. It is, however, contended, that for the reason that the defendant was an absentee, no such allegation or proof was necessary. The law, in terms, has made no distinction between a party present in the State, and one absent from it. It is true, the courts have held, that when an offer to return a thing appeared from the facts disclosed, to have been impossible, it might be dispensed with, for neither reason, justice or the law requires an impossibility ; but so far from its being impossible in the present case to put the party in default, it could have been done without great difficulty, for the plaintiffs allege that he resides in Camden, Arkansas, a place easy of access and very near the northern limits of our State.

" It is contended, however, on the part of the counsel for the plaintiffs, that this is not, strictly speaking, an action to be governed by the rules applicable to actions of rescissions. That the defendant had no title to a large portion of the land sold, the title to which was in the United States or in the V.. S. & T. R. R. Company, and that the sale to that extent was the sale of the property of another, and under the Art. 2427 of the Civil Code, was absolutely null and void. If this were so, still the plaintiffs claim and demand, that the entire sale be canceled, it is, therefore, in terms and effect, an action of rescission, and must be governed by the rules applicable to such actions. But if it were admitted, that no demand was necessary, let us see if, from the evidence, the plaintiffs could legally demand a rescission of the sale.

" The eviction which gives rise to the action of rescission is, ' the loss suffered by the buyer of the totality of the thing sold, or of a part thereof, occasioned by the right or claims of a third person.' C. C. 2476.

" No active disturbance is shown to have occasioned in this case, nor was it necessary ; it suffices for the plaintiffs to establish the loss of the whole or a part

McDonald
v.
Vaughan.

of the thing sold—this loss must, however, be certain, it does not suffice that it appears probable. The loss would be certain, if a perfect outstanding title existed. Has the plaintiffs shown that such outstanding title does exist? .

"The plaintiffs have failed to establish any well grounded defence of title, with the exception of a part of the tract falling within the limits of the V., S. & T. R. R. Company. It appears by the letter of the Commissioner of the General Land Office, bearing date April 22d, 1857, that the internal improvement warrant, No. 546½, calling for lots Nos. 2, 3 and 4, S. E. quarter of N. W. quarter, S. W. quarter of N. E. quarter, W. half of S. E. quarter, and N. E. quarter of S. W. quarter of section 31, township 16, N. of range 4 East, containing 314 95–100 acres, falling within the railroad reserve and Maison Rouge claim, and being part of the land sold by the defendant, *Vaughan*, to the plaintiffs, was cancelled and re-turned to the local office at Monroe, to be delivered to the owners thereof.

"In the case of *Barton's Executrix* v. *Hempkin*, 19 La. 314, the court re-mark, in a case somewhat similar to the present, ' we do not consider the mere statement of the Commissioner of the General Land Office, that he has cancelled a certificate, an eviction which should rescind a sale between third persons. The United States has not disturbed the plaintiffs in the possession of the land ; the purchase money has not yet been refunded, and the act by no means complete. It may be there will be no disturbance, and, it is possible, that Congress, upon a representation of the facts, and proof of the good faith of the parties, would pass an act affirming the sale.'

"It seems to be considered, that should the action of the Commissioner be con-firmed by the Secretary of the Interior, these lands would become the property of the railroad company. That company, as shown by the evidence, have passed a resolution to convey and deliver the lands to *James Vaughan*, at the price of two dollars and fifty cents per acre, so soon as the company may be in a condition to dispose of them and make title.

"There is, therefore, a reasonable hope and expectation that the plaintiffs' title will eventually be perfected ; but of this there is no absolute certainty. The railroad company may fail to comply with the conditions of the grant and, in that event, it would be out of the power of the company to make a title.

"It is true, ' it is not necessary that a party should be actually dispossessed to to constitute eviction. It may take place while he continues to hold the pro-perty, if under a different title from that transferred to him by his vendor, as when he inherits it, or acquires it by purchase from the true owner.' 1 R. 362 ; 11 R. 397. Or if a perfect title exists in some third person, whereby it is ren-dered legally certain that his vendor had no title. The present plaintiffs have not shown themselves to be in either of these positions, or that they have suffered any actual disturbances ; they are not. therefore, in a position to claim a rescis-sion of the sale.

"The plaintiffs have clearly mistaken their remedy. They should have pro-ceeded under Article 2535 of the Civil Code, which declares : ' If the buyer is disturbed in his possession, or has just reason to fear that he should be disturbed, by the action of mortgage or any other claim, he may suspend the payment of the price until the seller has restored him to quiet possession, unless the seller prefers to give security.

"From the evidence, it is clear that the plaintiffs are in danger of being dis-turbed in their possession. The notes executed for the price are negotiable in form. The defendant is an absentee, and there is danger that if they are delivered

to the vendor, they will pass into the hands of third persons, who may enforce them, and leave the purchasers without a remedy.

"It is manifest, that should the present suit be dismissed, the plaintiffs would at once (to protect their rights) be forced to resort to an action to compel the vendor to give security against eviction.

"This suit has already been taken to the Supreme Court, and it seems the imperative duty of this court to terminate the controversy, by the decision now rendered, if legally possible to do so.

"The petition concludes with a prayer for general relief, and the question is presented, whether this court, under that prayer, can grant a remedy not asked for in the pleadings, and compel the vendor to furnish security before the notes executed for the price, are delivered to him."

"In the case of *Smith* v. *Corcoran et als.*, 7 La. 50, the plaintiffs instituted a petitory action to recover a tract of land of four hundred arpents. The defendant, who had purchased a larger tract, including that sued for, called his vendor in warranty. The plaintiff showed a complete title to the four hundred arpents sued for; the defendant, under the pleadings, had a right to recover against his vendor the part of the price in the proportion that the four hundred arpents bore to the whole tract of six hundred and forty arpents. The court, in that case, remark : 'This has seemed to the court a proper case for the application of that provision of the Code which authorizes the buyer to demand the rescission of the contract, when the part evicted is so considerable, that it is not to be presumed he would have bought without the part evicted'; and remark the only difficulty to us was a doubt whether the proceedings would justify the judgment. The petition in that case concluded with the most general prayer for relief, and under that prayer, the court remark, 'we think ourselves authorized to render such judgment as would be rendered in a new suit,' and to avoid a circuity of actions, they accordingly set aside the entire sale as between the defendant and warrantor.

"In the case of *Carson, Administrator*, v. *Dwight et al.*, 5 Rob. 484, the plaintiff sued for the balance due on the price of a slave. It was set up in defence, that the slave was entitled to her freedom, for which a suit was then pending. The court remark, it is clear this question cannot be enquired into collaterally in this suit, and as the case stands, it cannot be used as a defence against the payment of the price, nor invoked as a ground of nullity against the sale; 'all that the defendants may perhaps require of the plaintiffs is, that he should give the security for the title transferred, and for the reimbursement of the amount paid in case of eviction. This (the court remark) does not appear to be sought at our hands; the answer contains no prayer to that effect; it does not even pray for general relief.' but we are disposed, however, for the furtherance of justice, to relieve the defendants against the danger of eviction, though they have not prayed for it. The court accordingly ordered the bond to be given.

"From these discussions, it seems clear that in a case like the present, when justice and equity so clearly demand it, that the court may under the prayer for general relief, require the defendants to give bond and security against eviction, before the delivery of the notes executed for the price of the land.

"It is, therefore, ordered, adjudged and decreed, that the demand of plaintiffs, so far as relates to their claim for a rescission of the sale, be rejected. It is, however, further ordered and decreed, that the land falling within the railroad reservation, to wit, lots 2, 3 and 4, S. E. quarter of N. W. quarter, S. W. quarter of

MCDONALD
v.
VAUGHAN.

of N. E. quarter, W. half of S. E. quarter, and N. E. quarter of S. W. quarter S. 3, township 16, range 4 E., containing 314–95–100 acres, be appraised by two sworn appraisers, to be selected under the supervision of the parish Recorder, or in case of his absence or failure to act, then the Sheriff to act in his stead ; the parties plaintiffs to select one of the appraisers, and the defendant to select the other ; and in case of disagreement, the two to choose an umpire, whose decision for the object designed is to be final ; and in case either party fails to select, then the officer is to make the selection, and that the defendant, *James Vaughan*, give bond in favor of the plaintiffs, for the amount of such appraisement, with one or more securities, possessing the qualifications required by Art. 3011 of the Civil Code, conditioned, so as to secure the said plaintiffs against any disturbance or eviction of the aforesaid land, as described within the railroad reservation ; and that on the execution of such bond, the notes for the price of the land sequestered and enjoined in the hands of the Recorder, be given up to the defendant, *James Vaughan.* It is further ordered, that defendant pay costs."

VOORHIES, J. For the reasons given by the District Judge, and which we adopt as our own, it is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.