21 721
113 385

No. 1677.—B. Boisblanc et als. v. Peter Markey.

A purchaser of real estate cannot postpone the payment of the price until the decision of a suit for eviction, when the nature of the title on which the suit for eviction is founded is set out and described in the act of sale.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J. H. C. Miller*, for plaintiff and appellee. *E. Bermudez*, for defendant and appellant.

Howell, J. The defendant has appealed from a judgment condemning him to pay several promissory notes secured by the vendor's privilege and mortgage and given by him as part of the price of certain property sold to him by B. Boisblanc, one of the plaintiffs. His defense is that he has been sued for the said property, and that he is entitled to suspend the payment of the price until restored to quiet possession. Having joined in one action and asked that the vendor's lien and the mortgage be recognized and enforced against the property sold, and mortgages not being subject to the rules of commercial law in favor of third holders of commercial paper, all the plaintiffs herein will be considered upon the same footing.

The main question is, whether or not the defendant can postpone payment of the price until the decision of the suit instituted against him for the property, or require security from his vendor.

Article 2535 Civil Code provides: "If the buyer is disquieted in his possession, or has just reason to fear that he shall be disquieted, by an action of mortgage or by any other claim, he may suspend the payment of the price, until the seller has restored him to quiet possession, unless the seller prefer to give security.

There is an exception to this rule, where the buyer has been informed, before the sale, of the danger of the eviction."

The inquiry arises, is the defendant within the exception?

In the act of sale to him from Boisblanc, one of the plaintiffs, it is declared "that he does, by these presents, grant, sell, bargain and *quit*

91

*claim*, under guarantee of his own acts and deeds *only, and of no others*, but with substitution and subrogation to all his rights and actions against all precedent and anterior vendors and owners, unto Mr. Peter Markey," (the defendant) the property now in controversy. The act also recites how the vendor acquired the property and shows that it had been proceeded against and sold under the confiscation laws of the United States, in which proceedings Boisblanc intervened and had his first mortgage recognized, which had been assumed by one S. Wolf, (the party now making the disturbance) as the purchaser of the property from a former owner, and at the sale Boisblanc became the purchaser at a price insufficient to pay the mortgage held and represented by him. In the sale to the defendant he expressly transfers these mortgage rights without any recourse.

This act of sale clearly and distinctly informs the defendant of the nature of the seller's title, and that of Wolf, who now sues for the property as owner, by virtue of that very title recited in the act of sale to him.

It is difficult to understand how more direct information could be communicated. We are not now to pass upon the validity of the disturbing claim, but simply whether or not the defendant can be coerced to pay the balance of the price pending the suit for eviction. and we are of opinion that he can.

It is ordered that the judgment of the District Court be affirmed with costs.