No. 182.—SILBERNAGEL & Co. v. L. D. BAKER, Administrator.

Under the allegation of ownership in a suit for a lot of cotton, if the plaintiff fails to establish title he can not, in the same action, be permitted to show that he has a lien and privilege on the same cotton to secure the payment of the debt which has not been judicially demanded.

A *dation en paiement* is incomplete if the thing given in payment has not been delivered. C. C. 2655, 2656.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *Todd & Brigham*, for plaintiffs and appellees. *Newton & Hall*, for defendant and appellant.

LUDELING, C. J. The plaintiffs sue the defendant for all the cotton grown on the plantation of John W. Baker, deceased, and inventoried as part of his succession, claiming to be the owners thereof by virtue of a verbal sale made by said Baker during his life, and they had the cotton sequestrated.

The testimony of the agent of the plaintiffs shows that before his death John W. Baker covenanted and agreed to haul and deliver to plaintiffs, at Prairie Mur Rouge, all the cotton which he made on his home place and on the McCord place, and three-fourths of the cotton made on the Trimble place. It further appears from the testimony of the witness that the cotton was to be given in satisfaction of a debt due by John W. Baker to Silbernagel & Co., estimating the cotton at fourteen cents per pound.

The cotton claimed in this suit was never delivered to Silbernagel & Co.; a part of it seems to have been gathered after Baker's death, and it was all sequestrated in the possession of the administrator of the estate of John W. Baker. We do not deem it necessary to con-

sider the questions of law discussed by counsel, orally and by briefs, relative to *sales*, as the contract in question is lacking in one of the essentials of a sale, to wit: a price to be paid in money. The contract was a *dation en paiement*, and it was incomplete for want of delivery. C. C. arts. 2655, 2656.

The plaintiffs' counsel insist that if plaintiffs are not the owners they have a privilege on the cotton to secure their claim against J. W. Baker, deceased. In their petition they allege that they are the owners of the cotton and they pray to have the cotton delivered to them because they are owners thereof. In this court they ask us to allow them a privilege on the cotton to secure an account, for which they have made no demand whatever. The statement of the proposition is enough to show its unreasonableness.

The cases referred to in 5 An. 646, and 7 La. 51 and 152, are not analogous to the one before us.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided and reversed, and that there be judgment in favor of the defendant, setting aside the sequestration and rejecting the plaintiffs' demand, with the costs of both courts.

Rehearing refused.