(37 South. 1.)

No. 15,216.

JENNINGS–HEYWOOD OIL SYNDICATE v. HOME OIL & DEVELOPMENT CO., Limited, et al.*

(June 21, 1904.)

SALE OF LEASE—PAYMENT OF PRICE—SUSPENSION—DANGER OF EVICTION—BOND OF SELLER.

1. The purchaser cannot suspend the payment of the price because of a danger of eviction, of which he was informed at the time of the purchase.

---

*Rehearing denied June 28, 1904.

2. Danger of eviction justifies the suspension of payment of the price only until the seller has furnished bond. In all cases where the price is due and payment is refused, the seller is entitled to judgment, subject to stay of execution until the danger of eviction has ceased, or bond has been furnished.

3. Where the seller sues for an absolute and unconditional judgment, and the purchaser pleads danger of eviction, and the seller does not ask to be permitted to give bond, and the purchaser does not ask that the seller be required to do so, the court will nevertheless so decree. The prayer for an absolute judgment includes a prayer for a conditional judgment, on the principle that the greater includes the less.

4. Whether, when the purchaser is in danger of being evicted from one-fifth of the property, the bond to be given by the seller should be for one-fifth or for the whole of the price, quære? But when the purchaser has sold half of the property, and is gradually disposing of the remainder, he must be held to have elected not to ask for a rescission of the sale, and in such case a bond be given only for that part of the property as to which there is danger of eviction.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Denis Miller, Judge.

Action by the Jennings-Heywood Oil Syndicate against the Home Oil & Development Company, Limited, and others. Judgment for defendants, and plaintiff appeals. Reversed.

Chappuis & Holt, Gilbert L. Dupré, and McCoy & Moss, for appellant. Schwing & Moore, for appellees.

PROVOSTY, J. The Home Oil & Development Company, as principal, and certain named individuals, as sureties, are sued on three notes given to represent the credit portion of the price of the transfer by the plaintiff to the said company of a certain oil and mineral lease.

The sureties plead that by reason of the failure of the plaintiff to protest the first maturing of the notes sued on, and by reason of time having been granted to the principal debtor, they have been released from their obligation on said notes. These defenses

have no merit, and apparently are not insisted on.

All the defendants plead that the consideration of the notes has failed, or, at any rate, that the suit is premature, because the plaintiff was bound, as warrantor, to maintain the transferee in peaceable possession and enjoyment under the lease, and that by certain sequestration suits the transferee has been disturbed and ousted, and is being kept out of the possession and enjoyment of the leased property.

Plaintiff replies to this that one of the suits (the Corkran suit) has terminated, and that, if it were still pending, the defendants could not avail themselves of it for suspending payment of the price, because they were informed of its pendency at the time of the purchase, and that the other suit (the Martel-Caffery suit) cannot avail defendants, because after its institution the principal debtor and defendant promised to pay the debt now sued on as soon as the Corkran suit should be decided, and that, at all events, it cannot be ground for suspending payment of more than one-fifth of the price, since no more than that proportion of the property is claimed in it, and that, moreover, it can be good ground only for a stay of execution, not for denying a judgment altogether.

We find that defendants had full knowledge of the Corkran suit at the time of the purchase, and, this being so, the textual provision of the Code debars them from urging it as ground for suspending payment of the price. Civ. Code, art. 2557. See, also, Municipality No. 1 v. Cordeviolle, 19 La. 235; Bemiss v. Dwight, 3 La. Ann. 337; Bonnecaze v. Grannery, 5 La. Ann. 167; Boisblanc v. Markey, 21 La. Ann. 721.

We do not think the promise to pay whenever the Corkran suit should be decided was necessarily exclusive of the right to require security to be given by plaintiff, and, if it was, it was a mere promise without consideration, and not binding. Nothing shows

113 La.—13

that plaintiff was induced by it to grant further time on the debt.

We agree with plaintiff at once on the proposition that the danger of eviction is not good ground for refusing judgment, but only for staying execution. The debt being due, plaintiff is entitled to judgment, subject to the condition that execution shall not issue until danger of eviction shall have ceased, or until security shall have been given as required by law. Article 2557, Civ. Code.

Had defendant offered to pay on condition of this security being given, and plaintiff had refused to give the security, the costs would have fallen on plaintiff, but the refusal to pay was absolute and unconditional; hence the costs must fall on defendants.

A question arises as to whether the security should be for the entire price, or only for the one-fifth as to which there is danger of eviction.

In the case of McDonald v. Vaughan, 14 La. Ann. 716–720, where the vendee was in danger of being evicted from a part, the court ordered this part to be appraised, and security to be given for it alone, according to the appraisement. But this manner of disposing of the matter appears to us to lose sight of the right of the vendee to rescind the sale if the part from which he is evicted "be of such consequence, relatively to the whole, that he would not have purchased it without the part from which he is evicted." Civ. Code, art. 2511. In the case of such rescission the purchaser is entitled to the return of the entire price. It would seem, therefore, that security ought to be given for the entire price.

In the instant case the purchasers would be dispossessed of one-fifth undivided, and, after the eviction, would find themselves owners in indivision of an oil and mineral lease, and apparently this would be such a dispossession as would entitle them to a rescission of the sale; but we find that they have virtually already made their election

not to rescind, by putting it beyond their power to comply with the condition precedent of the demand in rescission—the return of the property. They have transferred a half interest in the lease to the Bienville Oil Company, and have subleased the other half to Messrs. Thompson and Sullivan. They are therefore no longer in a position to demand a rescission. Another reason why the property could not be returned is that the thing which formed the real object of the sale was the oil which flows or spouts from the wells on the land, and the defendants, by themselves and their assigns, have been disposing of this oil at the rate of 35,000 to 40,000 barrels monthly, and the supply may be entirely exhausted before the Martel-Caffery suit comes to a final decision. We conclude that, under the circumstances of the case, plaintiff is entitled to payment upon giving security for one-fifth of the price.

Another question arising is whether the court can order this security to be given, when neither party has asked in the pleadings that that disposition be made of the case. The plaintiffs have asked for an absolute judgment, and said nothing about giving security; and defendants have denied that any judgment at all can be rendered, and, in turn, have said nothing of security. But this question presents no difficulty. Plainly enough, under a prayer for an absolute judgment the court can render a conditional judgment, if the facts of the case so require. Besides, precedents are numerous where in cases of this kind the court has made that disposition of the case under the prayer for general relief. Smith v. Corcoran, 7 La. 50; Carson v. Dwight, 5 Rob. 484; McDonald v. Vaughan, 14 La. Ann. 716.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment in favor of the plaintiff, Jennings-Heywood Oil Syndicate, and against the defendants, Home Oil & Development Company, W. F. Humph-

rey, S. J. Johnson, W. Harry Kistner, W. P. Cary, F. L. Scott, E. M. Scott, J. H. Hoffman, and E. I. Hall, in solido, in the sum of $8,000, with 8 per cent. per annum interest thereon from April 9, 1903, plus 10 per cent. on the aggregate amount of said debt and interest as of the date of the payment thereof, subject, however, to a stay of execution as to one-fifth of said judgment until the danger of eviction threatened by the suit of James Sully Martel and others v. Jennings-Heywood Oil Syndicate and others (No. 1,752 of the docket of the 18th Judicial District Court, Parish of Acadia) shall have ceased, or until the plaintiff, Jennings-Heywood Oil Syndicate, shall have given bond, with security, as required by law, in an amount equal to one-fifth of the present judgment, conditioned that the amount of said bond shall be paid to the defendant the Home Oil Development Company, Limited, in the event of eviction as a result of the said suit. Defendants to pay the costs of both courts.