41 So.2d 668

**LEAR et al. v. GREAT NAT. DEVELOP-
MENT CO., Inc.**

No. 38979.

June 30, 1949.

Chandler & Edwards, Shreveport, for plaintiffs-appellants.

Smith, Hunter, Risinger & Shuey, Shreveport, for defendant-appellee.

PONDER, Justice.

The plaintiffs have appealed from a judgment of the district court rejecting their demand for damages arising from an alleged breach of contract.

The plaintiffs contracted to sell the defendant a tract of land in Caddo Parish containing approximately 113 acres. The

pertinent portion of the contract reads as follows:

"Sellers agree to provide Buyer with an abstract on the property from the earliest date at their expense and the attorney for Buyer shall have fifteen days from the date said abstract is furnished to him in which to give his written opinion as to the title. The word title means good, valid and merchantable record title. It title is good, Buyer agrees to accept deed within 60 days thereafter and Seller agrees to furnish deed with full warranty of title to all of said property except such as may be situated below the 172 foot contour line, which shall be conveyed without warranty, said deed to contain the usual terms and conditions. If title is bad, Sellers agree at their expense to make the necessary corrections, or in the event of their failure, Buyer may do the curative work at Sellers' expense not to exceed $250.00."

The attorneys representing the purchaser, after examining the abstract furnished by the plaintiffs, arrived at the conclusion that the plaintiffs' title to the property was defective and suggestive of litigation. The defendant refused to accept a deed to the property because one of the record owners had not signed the contract and because the title to the property was suggestive of litigation.

It would serve no useful purpose to determine whether or not the contract was binding because it was not signed by one of the record owners. The determination of this question is not necessary since the contract would not be binding on the defendant because the title to the land is suggestive of litigation.

The plaintiffs' title emanates, after various transfers, from a patent issued by the United States Government to John Page in 1849 covering the entire tract of land. Approximately one-half of this tract of land lies below the contour line of Cross Lake, which was owned by the State of Louisiana at the time the patent was issued by the United States Government. The United States Government did not own this lower half of the property at the time it issued the patent. There is at present a record title standing in the name of other parties emanating from the State of Louisiana through the Caddo Levee Board.

■■ The plaintiffs contend that their title to the lower half of the property is a valid prescriptive title. They take the position that they acquired this lower half of the property by prescription after it had passed from the state to private ownership and that their prescriptive title is a valid record title because the patent from the United States Government which included the land was of record. The plaintiffs under the contract were to furnish the defendant a valid record title. However, if a prescriptive title was contemplated in the contract, this Court is in no position to pass on the question of the prescriptive title because the adverse parties in the conflicting chain of title are not parties to

 

this suit and any decision we might render would not be binding on them. Praegner v. Kinnebrew & Ratcliff, 156 La. 132, 100 So. 247. The defendant cannot be compelled to accept a title to land upon which a claim rests and which is suggestive of future litigation. Marsh v. Lorimer, 164 La. 175, 113 So. 808.

The plaintiffs contend that the defendant is estopped from asserting any defect in the title because it was apprised of the fact prior to the execution of the agreement. They rely on Article 2557, Revised Civil Code; Werk v. Leland University, 155 La. 971, 99 So. 716 and Jennings-Heywood Oil Syndicate v. Home Oil & Development Company, 113 La. 383, 37 So. 1. This article of the Code and the cases cited are not applicable to contracts of sale. The codal article relates to the suspension of the payment of the purchase price when the purchaser is disquieted in his possession until the seller restores him to quiet possession. No such question is at issue in this case.

The contract involved herein is by authentic act. Under the provisions of Articles 2236 and 2276 of the Revised Civil Code parol evidence is not admissible to contradict the written agreement and whatever information may have passed between the parties before the argument was reduced to writing and executed cannot be considered in the absence of any allegation of fraud or error.

The plaintiffs lay stress on the fact that the lower half of the property was to be conveyed without warranty. Irrespective of this stipulation in the contract, the plaintiffs contracted to furnish the defendant a good merchantable title to the entire tract of land.

For the reasons assigned, the judgment is affirmed at appellants' cost.

O'NIELL, C. J., takes no part.