HUGHES, Judge.
This is an action for specific performance of an agreement to buy and sell immovable property. The trial court refused to grant specific performance and plaintiff appealed. We affirm. The litigation brings us into confrontation with the issue of whether a waiver of warranty of title sufficiently protects a seller from recourse, specifically the right of return of the purchase price from the purchaser where the purchaser is aware of a defective title. The purchaser was willing to take the property “as is and without legal warranty”, however, the seller insisted that the act of sale proposed by the purchaser include an exculpatory clause providing that the property be sold “without legal warranties, without recourse and not even for the return of the purchase price.”
On May 8, 1978, Mr. and Mrs.'Zig-mund Bielawski entered into a written agreement to purchase a lot from Alvin J. Landry, Jr. for a price of $15,000. The agreement indicated that the act of sale was to be passed on or before June 30,1978. As is frequently provided in these agreements, the contract provided for a sixty-day extension for passage of the act of sale if curative title work was required. Additionally, the contract stated that:
The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein, shall render this contract null and void, reserving unto purchaser the right to demand the return of the deposit from the holder thereof and to recover actual costs incurred in processing of sale and reserving unto agent the right to recover commission. (Emphasis added) In the event the seller fails to comply with this agreement for any other reason, within the time specified, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller, or the purchaser may demand specific performance, at his option.
Before the scheduled date for passing the actual sale, a title examination by the plaintiff’s attorney revealed that Landry had obtained title to the property in a 1974 tax sale. After the validity of such a title was questioned, the defendant filed suit against the tax debtor, a Mrs. Estelina C. Keller, and her heirs, and obtained a judgment confirming and quieting the tax title. Subsequent investigation by the plaintiff’s attorney showed however, that the judgment confirming Landry’s tax title was defective because Mrs. Keller’s husband was not named as a defendant, a legal description of the property was omitted from the judgment of confirmation and, the confirmation suit itself was filed before the expiration of the five year preemption period for quieting tax titles under Art. X, Section 11 of *863 the 1921 Constitution and Art. VII, Section 25 of the 1974 Constitution of Louisiana.
Despite the fact that both parties considered Landry’s tax title to be unmer-chantable, arrangements were made for the passing of an act of sale on July 26, 1978. The conveyance instrument proposed by the the buyers included only the waiver of warranty language suggested by them. A dispute arose when the Bielawskis refused to include the broader exculpatory recitals insisted upon by Landry. The act of sale was not passed and this suit for specific performance followed.
After trial of the matter, which largely consisted of stipulations of facts and the essentially undisputed testimony of the Bie-lawskis’ attorney, the trial court entered judgment in favor of Landry. In written reasons, the trial judge indicated that it was his opinion that the vendor, Landry, had a valid reason for not signing the act of sale unless the Bielawski’s took the property without recourse and also waived their right to ask for the return of the purchase price in the event they should at some time in the future be legally vested with such a right. The trial judge was of the view that the vendee’s proposed “no warranty” clause, while offering Landry some protection, did not protect him completely in view of LSA-C.C. art. 2505, which provides that:
Even in case of stipulation of no warranty, the seller, in case of eviction, is liable to a restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of the eviction and purchased at his peril and risk.
According to the trial judge, Landry had as much justification for wanting his additional “no recourse” language included in the act of sale as the Bielawskis had for demanding that the proposed additional language be excluded. We are of the view that the trial judge was correct in dismissing the vendee’s suit for specific performance.
The written agreement between these litigants specifically provides that their contract would become “null and void” if the seller was unable to deliver a merchantable title within the time stipulated. It provides further that the purchaser in such a situation has the right only to demand return of the deposit and to recover only the actual cost incurred. It also provides that specific performance may be demanded by the purchaser if the seller “fails to comply with the agreement for any other reason.” (Emphasis ours.) It is our view that under this contract, inability to deliver a merchantable title within the specified period had the effect of placing the parties in the same position as if no contract to purchase had ever been entered into. We view the seller’s inability to deliver a merchantable title as constituting a failure of a suspensive condition to the agreement and we believe that no rights flowed to either party upon that failure except those provided for in the contract itself.
In Lear v. Great Nat. Development Co., 215 La. 749, 41 So.2d 668 (1949), concerning a contract in which vendors were to furnish a valid record title, it was held that the vendee could not be compelled to accept a title to land upon which a claim rested and which was suggestive of future litigation. Conversely, in this case, in view of the contractual requirement that the vendor deliver a merchantable title, we hold that the vendee cannot compel the vendor to deliver a defective title, even without warranty and also without resolution of the problem presented by the provisions of LSA-C.C. art. 2505.
The Bielawskis argue that the provision in the contract that the seller is required to deliver to the purchaser a merchantable title is a provision for the exclusive benefit of the purchaser and that they were free to waive the merchantability requirement and insist on transfer of title. According to the Bielawskis, the election to consider the agreement null and void or demand specific performance rests exclusively with them. In support of this argument the Bielawskis draw an analogy to conditional financing clauses sometimes found in real estate contracts which provide that a contract to purchase realty on credit shall be null and void it the purchaser is unable to obtain financ *864 ing. Citing Felder v. Terry, 351 So.2d 244 (La.App. 4th Cir. 1977) the Bielawskis point out that a provision conditioning the sale on the purchasers’ ability to make a mortgage loan is a suspensive condition for the sole benefit of the purchaser who may waive it and elect to pay cash for the property.
It is our opinion that the Felder case concerning conditional financing is inappo-site to this case. In conditional financing cases, the vendee may compel a cash sale of the property because the rights and obligations of the parties are clear and remain unchanged. The vendor in such a situation incurs no prejudice since he receives the full purchase price in cash and other provisions of the agreement are not affected thereby. On the other hand, in this case, the rights and obligations of the parties are not clear, even if the Bielawskis accept title “as is and without warranty.” LSA-C.C. art. 2505 provides that even in a case of stipulation of no warranty, the seller in case of eviction is liable for a restitution of the purchase price, unless the buyer was aware at the time of the sale of the danger of the eviction and purchased the property at his peril and risk. Only actual, and not constructive knowledge will suffice to defeat a warranty action when a sale is made with an exception to the warranty clause. Collins v. Slocum 317 So.2d 672 (La.App. 3rd Cir. 1975). See also, “Warranty Against Eviction in the Civil Law: Limitations on the Extent of the Vendee’s Recovery.” 23 T.L.R. 154 (1948).
Even though it is clear in this case that the Bielawskis had actual knowledge of the unconfirmed nature of Landry’s tax title and even though the signing of the proposed act of sale tendered by them would probably bar any action for a refund of the purchase price in the event of an eviction arising from the imperfect nature of the tax title, there may be other grounds for eviction apart from the tax title defects. Conceivably, other problems might surface in the future that might cause the Bie-lawskis. or someone taking title from them to seek a refund of their purchase price from Landry. To compel Landry to convey the unmerchantable property without warranty only under these circumstances does not assure Landry that the purchaser will have no recourse at a later time. If some unanticipated problems force the Bielawskis into bankruptcy, a trustee in bankruptcy might be able to litigate the warranty issue. Unlike conditional financing cases, the rights and obligations of the parties in this case remain uncertain.
In seeking specific performance of the sale, the Bielawskis in effect are asking that we reform the contract to sell. Despite the clear wording of their agreement which provides that the agreement shall be rendered null and void upon the vendor’s inability to convey merchantable title, the Bielawskis are asking the court to write out of the agreement that provision and substitute in its place a clause whereby the vendees may compel a sale without warranty. We are of the opinion that reformation of instruments is available only to correct mistakes or errors when the written contract does not express the true agreement between the parties. Fontenot v. Lewis, 215 So.2d 161 (La.App. 3rd Cir. 1968); Pipes v. Pipes, 343 So.2d 329 (La.App. 2nd Cir. 1977), writ denied, 345 So.2d 904 (1977). We are of the opinion that Landry and the Bielawskis had no meeting of the minds, other than nullity, regarding the recourse available in the event merchantable title could not be delivered within the time specified. Under the circumstances, the agreement between these parties, by its own terms, is null and void. We are of the opinion that clear and unambiguous agreement between competent majors is the law between the parties and accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

GULOTTA, J., dissents and assigns reasons.