SMITH *vs.* CORCORAN ET ALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Without an assessment of a state tax, the officer has no warrant or authority to sell non-residents' land therefor, and which is indispensable to make out a valid title under a collector's sale for taxes.

The recitals in the treasurer's deed to land sold for taxes, is no evidence that it was legally assessed, as the fact of assessment was not within his cognizance.

If, in case of eviction of part of the thing, the sale is not cancelled, the value of the evicted part only is to be reimbursed, according to its estimate, proportionably to the total price of the sale.

Evidence, offered to prove the identity of a tract of land, and to correct errors in its description, is properly rejected as superfluous, when its identity is admitted in the pleadings.

Under the prayer for general relief, suited to the nature and justice of the case, the Supreme Court will render such judgment as would be given in a new suit, to avoid circuity of actions.

When there is no evidence of damages having been sustained, none can be recovered against a warrantor.

This is action of jactitation and slander of title to land, commenced by Peter Smith, residing in the state of Mississippi, against the defendant, residing in the parish of East Feliciana.

The plaintiff alleges, he is the owner, and in the actual possession of a tract of four hundred arpents of land, lying in the parish of East Feliciana; and that a certain Timothy H. Corcoran pretends to be the owner, and sets up a false and clamorous report of his title to said land, and injures and slanders the title of petitioner to his damage three thousand dollars; that said Corcoran has been amicably requested to desist from injuring and slandering the title of petitioner, but still persists in and continues it; wherefore, he prays, that Corcoran's title be decreed insufficient, and that he be perpetually enjoined from claiming title to said land, and from

WESTERN DIST.
*August,* 1834.

SMITH
*vs.*
CORCORAN ET ALS

slandering that of the petitioner, and condemned to pay all damages and costs.

The defendant excepts to the action, because the plaintiff is not in possession, and that the prayer of the petition ought to require the person setting up title, to bring suit for the recovery of the land, or be for ever debarred from setting up any right or title to it.

2. That plaintiff alleges he is in possession, as owner of the land, and does not show he has been evicted.

3. Because there is not sufficient cause alleged to maintain· a possessory action, or an action of slander of title.

On the merits, the defendant pleaded a general denial; and alleges he is the owner of the tract in contest, containing six hundred and forty acres, which he purchased from one James Mooney, residing in New-Orleans, by authentic act, duly recorded, for the sum of four thousand dollars, and that he possesses by a good title and in good faith; and that, in case he is evicted, said Mooney is bound in warranty to defend his title, and calls him in warranty, and prays for the same judgment against his warrantor that may be rendered against him; for four thousand dollars, the price which he paid, and for one thousand dollars in damages and costs.

Mooney appeared by his counsel, and answered to the call in warranty. He made the same exceptions to the original action as his vendee, and pleaded a general denial to the merits; alleged title in Corcoran, and that he purchased the land by a complete title and for a *bona fide* consideration, and so possessed it, until he transferred it to his vendee in like good faith. He prays to be allowed one thousand dollars in damages and his costs.

The plaintiff exhibited a complete title to four hundred arpents, being the land in controversy, in a deed from John Foster and wife, dated 19th July, 1821. The defendant exhibited his deed from Mooney, dated 16th August, 1830, for six hundred and forty arpents, which was admitted to embrace the land in controversy, for which he gave four thousand dollars. Mooney exhibited the deed of the state treasurer to him, dated March 29th, 1828, by which he pur-

chased this same tract of six hundred and forty arpents at a sale for the state taxes, for the sum of ten dollars. The state treasurer and public printer for 1828, proved that this land was returned by the sheriff or collector of taxes for East Feliciana, as non-residents' lands, with the state taxes due on it; that it was regularly advertised in the public papers according to law, and adjudicated to Mooney, for the sum of ten dollars. The treasurer's deed recited these facts, but there was no proof of the *assessment* of this tract of land for the taxes; the assessment rolls were not produced in evidence.

The jury returned a general verdict for the plaintiff, and in favor of the defendant against the warrantor for four thousand dollars, together with three hundred dollars damages. The warrantor moved the court for a new trial, which was overruled. By consent entered of record, this was considered as a *petitory* action. Judgment was rendered, decreeing to the plaintiff four hundred arpents of the land claimed, and restoring him to quiet possession; and that Mooney pay to the defendant four thousand dollars, the price paid by the latter, and three hundred dollars in damages and costs. Mooney, the warrantor, appealed.

*Turner*, for the plaintiff.

1. There is no error in the judgment against the warrantor. The treasurer was not authorised to sell the land in contest in the month of March, 1828, or at any other time. See *Session Acts* 1828, *p.* 190, §2.

2. The advertisements were not legally made. *Ibid.*

3. The recitals in the deed are not proof against the plaintiff; they are not similar to a sheriff's return on a *fieri facias*. 8 *Martin, N. S.* 657.

4. There is no assessment of the taxes shown, which is indispensable to the validity of a sale for taxes. 6 *Martin, N. S.* 347.

5. The return of the taxes due by non-residents, made by the deputy sheriff of East Feliciana, is not an official act. The sheriff's return by a deputy, does not afford proof that the

plaintiff was a defaulter for taxes.   *Session Acts* 1817, *p.* 174,
§10 *and* 11.

*Lobdell* and *Hennen,* for the warrantor.

1. The verdict and judgment thereon is erroneous, as being against law authorising the sale of the land for taxes, and against the evidence, which shows it was legally sold.   The verdict should have been for the defendant.   *La. Code, verbo Auction Sales, Acts* 1828, *p.* 30.  2 *Moreau's Dig.* 445 *to* 493. 5 *Martin,* 698, 221.  12 *Ib.* 534.  1 *Ib. N. S.* 179.  *Ib.* 554. 3 *Ib. N. S.* 705.  4 *Ib. N. S.* 456.

2. The judgment between Corcoran and Mooney is erroneous, because the eviction extends to but four hundred arpents, and the quantity sold to defendant was six hundred and forty arpents, of which he has possession, leaving two hundred and forty arpents undisturbed.  But the judgment decrees the return of the whole purchase money, when only a portion of the land is lost.  The sum recovered cannot exceed the proportion it bore to the quantity of land recovered: as six hundred and forty is to four thousand dollars, so is four hundred to the true sum to be paid.

3. The warrantor was improperly required to pay three hundred dollars in damages, when the evidence does not show any were sustained by defendant.

*Bullard, J.,* delivered the opinion of the court.

This is a petitory action, in which the plaintiff sets up title to a tract of land, of four hundred arpents, in possession of the defendant Corcoran, who cites Mooney as his warrantor.

The plaintiff exhibits as his title, a complete grant from the Spanish government to Maria Kelsey, and a conveyance from the grantee to him.

The defendants hold, under a sale by the state treasurer for state taxes, alleged to be due by the plaintiff, a non-resident. The tract was sold as containing six hundred and forty arpents, bought in by Mooney, and by him conveyed to Corcoran, for the price of four thousand dollars.

7

WESTERN DIST.
*August*, 1834.

SMITH
*vs.*
CORCORAN ET ALS

Without an assessment of a state tax, the officer has no warrant or authority to sell non-residents' land therefor, and which is indispensable to make out a valid title under a collector's sale for taxes.

The recitals in the treasurer's deed to land sold for taxes, are not evidence that it was legally assessed, as the fact of assessment was not within his cognizance.

As between the plaintiff and the original defendant, the only question relates to the validity of the alienation for taxes by the state treasurer.

Without considering sundry bills of exception, taken on the trial, our attention is drawn to one point, on which the case must turn. No assessment of a state tax is shown; and this court has already decided, that an assessment is indispensable to make out a valid title, under a collector's sale for taxes. Without it, the officer has no warrant or authority to sell *Nancarrow* vs. *Weathersbee*, 6 *Martin*, *N. S.* 347.

Even supposing that the recitals in the treasurer's deed, ought to be taken as true, so far as they relate to what he did, or was within his knowledge, as contended by the counsel for the defendant, the fact of the assessment was not of his cognizance, nor could he know that the list returned to him, conformed to the assessment rolls. The rolls are of public record, in the parish where the land is assessed, and may easily be produced or accounted for. The fact that this sale was made by the treasurer, and not by the parish collector, does not alter the principle. As relates to the taxes due by non-residents, both the sheriff and the treasurer are collectors; the latter only, in failure of the sheriff to collect, and when it becomes necessary to resort to coercive measures.

The judgment in favor of the plaintiff, appears to the court, supported by the law and evidence. As between the defendant Corcoran and his warrantor, it is contended that it ought to be reversed, because it is erroneous in decreeing Mooney to pay back the whole price, when his vendee is only evicted of a part of the land, and in awarding damages against him, when none were proved to have been sustained; and that the warrantor sold and warranted a tract of six hundred and forty arpents; and his vendee in this suit, is evicted of four hundred arpents only.

If, in case of eviction of part of the thing, the sale is not cancelled, the value of the evicted part only is to be reimbursed, according to its estimate, proportionably to the total price of the sale.

"If in case of eviction of a part of the thing, the sale is not cancelled, the value of the evicted part is to be reimbursed *to* the buyer, according to its estimate, proportionably to the total price of the sale." *La. Code, art.* 2490.

But it is insisted, that this case ought to be remanded for trial, before another jury, because evidence was rejected by the court to the prejudice of the warrantor; and our attention is drawn to a bill of exceptions, taken by him. It appears, that his counsel offered witnesses, and other evidence, to prove that Peter Smith had but one tract of land, in the Parish of East Feliciana, in 1824; and further, to prove the true boundary of Smith's land, and to explain errors in the description of boundaries, in the deed to Corcoran. The evidence was rejected by the court. We think the court did not err. If the evidence was offered, to prove the identity of the land sold for taxes, with that claimed in this suit, it was wholly superfluous, because that identity is admitted by the pleadings. If the object was to prove any thing against, or beyond the contents of the act, it was inadmissible.

All the parties admit, that the tract of land sued for, is the same that was sold for taxes, and afterwards conveyed by Mooney to Corcoran, as a tract of six hundred and forty arpents. Although the eviction, technically speaking, may be only partial, yet here seems to be a total failure of title, on the part of the warrantor, shown by himself, for the whole amount.

This has seemed to the court, a case for the application of that provision of the code, which authorises the buyer to demand the rescission of the contract, when the part evicted is so considerable, that it is not to be presumed he would have bought, without the part evicted. *La. Code, art* 2487.

The only difficulty which has occurred to us, was a doubt whether the pleadings would justify such a judgment. On examining the record we find, that Corcoran in his answer, prays that Mooney may be cited in warranty; and in case the plaintiff should recover the land, that he may be condemned to refund the purchase money and damages; and he concludes, by praying "for all such further and other relief, as the nature of the case requires, and your honor shall be pleased to decree." This is in the nature of an original suit, and the most general prayer for relief. If we were to reduce the amount recovered against the warrantor, to twenty-five

*Margin notes:*

WESTERN DIST. *August,* 1834.

SMITH *vs.* CORCORAN ET ALS

Evidence, offered to prove the identity of a tract of land, and to correct errors in its description, is properly rejected as superfluous, when its identity is admitted in the pleadings.

Under the prayer for general relief, suited to the nature and justice of the case, the Supreme Court will render such judgment as would be given in a new suit, to avoid circuity of actions.

WESTERN DIST. hundred dollars, proportionably to the part evicted, we should
*August*, 1834. reserve to the buyer, his right to have the sale cancelled in
another suit, according to the provisions of the code.    Under
VINCENT
*vs.* the prayer for general relief, suited to the nature and justice
MICHEL. of the case, we think ourselves authorised to render such
a judgment, as would be rendered in a new suit, and to avoid
a circuity of actions.

When there is        The record furnishes us with no evidence of damages
no evidence of
damages having having been sustained, and none can therefore be recovered
been sustained,
none can be re- against the warrantor.    *La. Code, art.* 2482.
covered against
a warrantor.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be reversed, and proceeding
here to give such judgment, as ought in our opinion to have
been rendered below, it is further ordered, adjudged and
decreed, that the plaintiff recover, and be put in possession of
the tract of land, described in his pitition, with costs.    And
it is further adjudged and decreed, that the defendant Corco-
ran, recover of his warrantor, James Mooney, the sum of four
thousand dollars, together with all the costs of this suit, in the
District Court, that the sale of Mooney to Corcoran, of
the land in controversy, be cancelled and annulled, and that
the appellee Corcoran, pay the costs of the appeal.