## ABRAHAM BASS v. N. E. LARCHE, Tutor.

Where the husband claims property purchased in his own name, during the existence of the community between him and his wife, it is incumbent on him to show a clear intention to make an investment on his own account, and this should be so established as to have thrown the loss on him separately, in case the property purchased had been lost.

APPEAL from the District Court of Carroll, *J. N. T. Richardson*, J. *Short* and *Parham* for plaintiff. *M. Dubose*, for defendant. The judgment of the court was pronounced by

ROST, J. The only question in this case is, whether certain lands and slaves purchased by the plaintiff during his marriage, became his separate property, or fell into the community existing at the time between him and his late wife. The district judge held them to be the separate property of the husband, and the under-tutor of his children has appealed.

We are of opinion that the judgment is not sustained by the evidence. The application of the plaintiff to the district court, after his marriage, to be dispensed from the time required by law to attain the age of majority, because he was soon to come into the possession of funds which he desired to vest in real estate, does not show a clear intention, or any intention at all, on his part, to make the investment for his separate account, and as he was the head of the community, the fact that he purchased in his own name, proves nothing in his favor. The evidence of his intention to purchase for his separate account, should be sufficient to throw the loss upon him in case the property purchased had diminished in value, or totally perished. The evidence in the record would not raise even a presumption of separate ownership, if it was denied by the plaintiff. The plaintiff purchased property to a much larger amount than he had funds to pay for at the time, gave some obligations, and assumed the payment of others; it might be doubted, whether such a purchase could, under any circumstances, be considered as an investment of separate funds.

It is therefore ordered, that the judgment in this case be reversed. It is further ordered, that the following property be, and it is hereby adjudged to belong to the community, between the plaintiff and his late wife, *Sarah E. Bass*, to wit: the slaves *Peter, Harrison, Mary, Jones, Bersheba, Queen, Maryann, Lydia, Burrell, Ben, Giles, Melton, Matilda, Manuel, Hannah, Elvira, Isaiah, Moses, Ellen, Peter, Job, Jerry, Lavina, Alexander Scott, Tena, Bethena, Rachel Davis, Henderson, Claiborn, Joseph, Dick Donnell,*

*Nelly, Georgiana,* and their increase; and lands, to wit, lots numbered 5 and 6, in township 20, range 13 east, fronting on the Mississippi river, with forty acres to be taken off of the lower side of lot number four, in same township and range, as specified in the deed of sale from *Warren M. Benton* to said *Abraham Bass,* with the back concession of said lots 5 and 6, and the portion of lot number 4, being in section number 64, and a part of section 63, in the same township and range; being all the land embraced in the deed from *Theodore D. Elliott* to *Abner* and *James Roberts.* except the portion embraced in the deed to *James A. Bass,* containing, in all, eight hundred and forty-three and two-thirds acres; and that *Abraham Bass,* the plaintiff and appellee, pay the costs of this proceeding.