## A. GRAUGNARD *v.* J. LOMBARD.

A statement by the Clerk, in his minutes of the testimony taken on the trial, that certain evidence was objected to, does not dispense with the necessity of a bill of exceptions to the reception of the evidence.

APPEAL from the District Court of the Parish of Pointe Coupée, *Haralson*, J. *T. J. & W. H. Cooly*, for plaintiff and appellant. *U. B. & E. Phillips*, for defendant.

BUCHANAN, J. *James Vignes*, who wrote the document under which defendant claims the land in controversy, was called by defendant to prove the execution of said document by plaintiff.

The same witness was called by plaintiff to rebut, and swore that the intention of the parties was, that the agreement to sell the land should be null and void, unless an act of sale was passed on or before the date specified in the document, to-wit, the 20th February, 1854. By a note of the Clerk in the minutes of testimony, we are informed that defendant objected to this testimony of *Vignes*, on the ground that it adds to and takes from the written document, and that testimony is inadmissible to vary or contradict a written act. No bill of exceptions was taken, however, in the form required by the Code of Practice.

The objection is, therefore, disregarded, and this testimony considered as if received without objection.

The last clause of the document A reads as follows : " The parties above named obligate themselves to pass the act of sale of said land on or before the 20th of February next, 1854."

The witness, *Vignes*, explains the meaning of the parties to have been, that this date, of the 20th February, 1854, was the term limited for the performance of the agreement, and beyond which it should not be operative. He says he was " directed by the parties, at the time of the drawing up of the agreement marked A, to stipulate that unless the agreement was complied with on or before the 20th February, 1854, that the agreement was to be null and void, and that he, witness, considered that the clause in the agreement was equivalent to that; and that is the reason why he drew it up in that way."

It is neither alleged nor proved, that any act of sale was made within the term they limited. The defendant's answer, setting up the agreement to sell, as his title, was filed the 22d December, 1857, nearly four years after the expiration of the term ; and there is no allegation of a tender on his part of the price stipulated to be paid.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that there be judgment for plaintiff against defendant for the possession and ownership of the land mentioned in the petition, namely, the undivided third of sections 107, 108, and 115 of township 6 south, of range 9 east ; the half of section 109 in the same township ; and eighty acres of section 114 in the same township ; and that the defendant and appellee pay costs of suit in both courts.