THOMAS C. ANDERSON *v.* C. E. JOHETT, Clerk, et al.

A citation issued and signed by the Parish Recorder in his official capacity, instead of the clerk, will be fatal to the validity of any judgment which may be rendered against the party on whom it was served.

When a clerk refuses or neglects to issue citation, on the demand of a plaintiff or his attorney, and is specially informed that the cause of action will be barred by prescription within a short period, unless interrupted by service of citation, he renders himself and his sureties liable for the debt, or demand, as soon as prescription is accomplished, in consequence of his neglect to perform his official duty.

In a suit brought against a clerk and his sureties, to render them liable for such neglect, they cannot plead, by way of defence, that the party who had acquired the right to prescription through their neglect will not plead it, the presumption is that he will, and the burden of proof is on them to rebut it.

APPEAL from the District Court of the Parish of Rapides, *Cullom*, J.

*W. B. Lewis*, for plaintiff. *T. C. Manning* and *J. Osborne*, for defendants and appellants.

LAND, J. The plaintiff filed his petition in the District Court of the Parish of Rapides, on the 29th day of October, 1856, on four several promissory notes, each for the sum of one hundred dollars, and due respectively on the first day of January, 1852, bearing interest at the rate of 8 per cent. per annum from maturity, and signed *in solido* by *S. A. Anderson, Sr.*, *W. R. Anderson*, *J. L. Escoffie*, and *S. A. Anderson, Jr.* In the suit on the notes, citations were not placed by the clerk of the court in the hands of the Sheriff until the 10th day of June, 1857.

On the 18th day of April, 1857, the present action was commenced against the clerk and the sureties on his official bond, to recover the amount of the notes and the interest thereon, upon the ground that the claim of plaintiff against the makers of the notes had been lost by prescription in consequence of the neglect of the clerk to issue citations to the defendants before the time of prescription had been accomplished, that is to say, in time for service before the 1st day of January, 1857.

There was judgment for plaintiff, and defendants have appealed.

One of the sureties on the bond, *Vestal Gould*, assigns as error patent on the face of the record, that judgment has been rendered against him without any legal citation or notice. It appears that the citation served on him was issued and signed by the Parish Recorder, in his official capacity. A citation must be signed by the clerk who delivers it, and express his quality; it must be sealed with the seal of the court by whose order it is given. C. P., Art. 179, No. 7. This error

was not cured by the appearance and answer of this defendant, none having been filed, and is, therefore, fatal to the validity of the judgment against this party.

It is objected on the merits, by the clerk and *L. A. Stafford*, the other surety on the bond, who filed answers to the suit, that the judgment is erroneous, for the reason that the plea of prescription had not been made by any of the defendants at the time of the commencement of this suit, and that the same is still pending against two of them, who have not yet pleaded prescription to plaintiff's demands, and who may never do so; and that, as the court cannot notice or pass upon the plea of prescription, unless specially made, that it does not appear that the plaintiff has, or ever will sustain any loss in consequence of the neglect of the clerk in issuing citations to the defendants.

There would be, perhaps, much weight in this objection, under ordinary circumstances; but it is our opinion, that when the clerk of a court, as in this case, refuses to issue citation on the demand of a plaintiff or his attorney, and is specially informed that the cause of action will be barred by prescription within a short period, unless interrupted by service of citation, that he makes himself and his sureties liable for the debt, or demand, as soon as the prescription is accomplished, in consequence of his neglect of official duty. The plaintiff is injured by his nonfeasance, and the defendant is furnished with a plea in bar fatal to the action. It does not lie in the mouth of the clerk and his sureties to say, that the defendant will not plead it; the presumption in such a case is, that he will, and the burden of proof is on them to rebut it.

It is, therefore, ordered, adjudged and decreed, that the judgment, as to *Vestal Gould*, be reversed, and that the suit as to him be remanded for further proceedings according to law; and that the judgment as to *C. E. Jouett*, the clerk, and *L. A. Stafford*, his other surety, be affirmed, with the costs of the lower court, and one-half of the costs of this appeal, and that the other half of the costs of appeal be paid by the plaintiff. And it is further ordered and decreed, that upon the payment of this judgment by said clerk or his sureties, that he or they be subrogated to the rights of the plaintiff upon said promissory notes.