## C. ESPINOLA v. MRS. E. BLASCO, Administratrix of M. BLASCO.

An administrator *pro tempore* of an interdicted person cannot bind the interdict for the payment of any specified amount, in order to effect a liquidation of partnership affairs.

A mistake in the special prayer ought not to prejudice a party's right to recover on the averments of his petition, when they are sufficient to sustain the proper action, and are followed by a prayer for general relief.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Semmes & Labatt,* for plaintiff and appellant. *G. LeGardeur,* for defendant.

MERRICK. C. J. The plaintiff alleges in his petition, that *Madame E. Blasco*, administratrix *pro tempore* of *Manuel Blasco*, is indebted to him in the sum of $1614 17, with interest; that petitioner was proprietor of a drug store known by the title of *C. Espinola & Co.'s Drug Store*, and was the equal partner in the profits of said store with *Manuel Blasco;* that since the proceedings for the interdiction of said *Manuel Blasco*, petitioner, under a promise of a speedy and prompt settlement of his rights in said partnership, delivered up the possession of said drug store to the defendant, and his rights in the said partnership were fixed and understood to be $1614 17, which the defendant has promised to pay or settle; that the liabilities of said firm were assumed by said defendant, but petitioner has discovered that there are still unpaid and outstanding debts and notes for which in law he is responsible in case of non-payment; that all the assets of the partnership are in the possession of defendant; that the Second District Court authorized her to enter into a new partnership in the same business; that he is thereby entitled to be indemnified, and to receive the amount of his interest in said partnership, as fixed by the books of said partnership. He prays for judgment for said sum of $1614 17, and that the defendant give security against the liabilities of the firm, and for general relief.

The answer denies the partnership; admits plaintiff had an interest, which ceased when *Blasco* was interdicted; avers that until the debts are paid and the

<div style="float:right">ESPINOLA<br>v.<br>BLASCO.</div>

affairs liquidated, plaintiff cannot claim any specific sum, and denies that she had any right to make, or did make the contract relied upon by plaintiff for recovery.

The judgment was rendered in favor of defendant, reserving to the plaintiff the right to sue for the settlement of the partnership affairs in another form.

It is clear, that the administratrix *pro tempore*, who had only a power of administration, could not, at least without a decree of the court, bind the interdicted *M. Blasco* for the payment of any specified sum of money in order to effect a liquidation of the partnership affairs, and acquire the sole interest in the partnership effects. This can only be done in a suit for the liquidation of the partnership affairs. The averment in plaintiff's petition, that the partnership debts have not yet been all paid, shows an insuperable obstacle to the recovery of a specific sum of money.

But plaintiff's petition is quite full, and contains every averment essential to a decree for the liquidation of the partnership affairs ; and as the defendant insists that this is the only mode of proceeding, and the plaintiff prays for general relief, we are of the opinion that the case ought to be remanded to the lower court, to be proceeded in as an action for the liquidation and settlement of the partnership affairs and a partition of whatever surplus may remain after payment of the debts, &c.

A mistake in the special prayer ought not to prejudice plaintiff's right to recover upon the sufficient averments of his petition followed by a prayer for general relief. 7 La. 51 ; ibid 152 ; 11 An. 69.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and it is now ordered, adjudged and decreed, that this case be remanded to the lower court to be proceeded in as a suit for the liquidation of the partnership affairs and a partition of the partnership effects between the plaintiff and said interdicted *M. Blasco* ; the appellee paying the costs of the appeal.

LAND, J., absent.