### AZELIE BREAUX, Widow, et al. v. EMELIEN CARMOUCHE.

A clause in a will, dispensing an usufructuary from making an inventory or giving security, is valid.

But if the usufructuary undertakes to make an inventory, he must make an accurate one.

An heir who acquires at a sale made to effect a partition, does not become sole owner under his ancient title as heir, but is invested with a new title as purchaser, and if he be married, the purchase is presumed to be made on account of the community, unless he declare his intention to be otherwise in the act by which his acquisition is evidenced.

The whole property in the thing sold including his own share as heir, passes by force of the decree to the adjudicatee.

APPEAL from the District Court of the Parish of Lafayette, *Martel*, J.
*C. H. & E. Mouton*, for plaintiffs.    *M. E. Girard*, for defendant and appellant.

MERRICK, C. J.    The wife of the defendant died without leaving descendants or other forced heirs.    She left a will in due form, containing the following clause in favor of her husband:

"Je désire que mon époux, *Emilien Carmouche* prenne toutes mes propriétés, de quelque nature qu'elles soient, en usufruit pendant sa vie durant, sans qu'il soit tenu de faire faire inventaire, ni donner caution."

He qualified as testamentary executor of the will, and caused an inventory to be made.

The plaintiffs are the collateral heirs of the deceased, and they have brought this suit against the legatee of the usufruct to cause the clause of the will which dispenses him from making an inventory, to be declared void; to cause the usufruct itself to be declared forfeited in consequence of the alleged unfaithful inventory made by him; and in the event that said *Emilien Carmouche* has not lost or forfeited his right of usufruct, that he be ordered to make a correct inventory.

The trial of the case in the lower court resulted in a decree annulling the clause of the will dispensing the usufructuary from making an inventory, and ordering certain property bought by the defendant during the existence of the community at the probate sale of his father's estate, (which sale was made to effect a partition,) to be inventoried as belonging to the community.

The defendant appeals, and the questions discussed on the appeal arise directly from the two branches of the foregoing decree, viz:

Was the clause in the will null?

Was the property omitted from the inventory separate or common?

On the first question, we know of no law which declares the nullity of a clause in a will, which dispenses the legatee of the usufruct from making an inventory, or giving security. The testatrix might have given her husband the absolute property of the things bequeathed, and have instituted him as her sole heir and universal legatee. This larger power must certainly include the lesser of dispensing the usufructuary from making an inventory. But if the usufructuary undertook to make an inventory at all, he ought to have made an accurate one. The

589

making of an inventory might have the effect of protecting the interest of his heirs at the termination of the usufruct, and it ought not to prejudice the owners of the naked property, who might find great difficulty at such late period, of showing the inaccuracy of the same. See Marcadé, vol. 2, p. 481, No. 509.

The defendant was, under his father's will, entitled to one-third of his estate. He bought, at the sale made to effect the partition, nearly to the amount of his portion of the estate, and settled with the heirs at the partition by a credit upon his said portion. The residue of his interest was arranged by his taking small claims against certain debtors of the estate.

In the act of adjudication to him, he does not say that he acquires on account of his separate estate ; hence the difficulty which the question presents.

It may be urged on the one side, as the husband is the head and master of the community, he ought, at the instant of acquisition, (if he intends to defeat the presumption arising from Article 2371 C. C.,) to announce that he acquires for his separate estate ; that the title is acquired at the instant of adjudication, and that a subsequent settlement with the heirs cannot make that separate which was not so acquired ; that in the case of purchases by the wife, of the hereditary effects of her ancestor's succession, the adjudication to the wife, to the extent of her inheritance, makes the property paraphernal, because the master and head of the community, who could have transferred the same property to the wife under Art. 2421 C. C., in reimbursement of her interest in such succession of her ancestor, has declared it to be paraphernal at the time of its acquisition, by purchasing in the name of his wife ; and by analogy, he ought to make an equivalent declaration when he wishes to acquire property for the benefit of his separate estate. See 5 An. 611 ; 7 An. 104 ; 17 La. 251, No. 2.

On the other hand, it may be said, that although where a co-heir buys property at a probate sale made to effect a partition, he acquires the interests of his co-heirs as a purchaser who is not subject to the obligations resting upon the heir to whom an estate had been adjudicated by licitation under the former laws and Code, still, for the interest which he himself had in the property, he cannot be considered as holding by a new title, for he cannot bye from himself ; and, therefore, it must be held, that as to the interest of this heir, as to one undivided third of the property, he holds by inheritance. Now, the very object of a partition is to put an end to the joint ownership of the property, and it cannot be supposed that the owner of so considerable a portion as one-third, intended to acquire subject to a claim of another person in the same property, particularly, when he took good care to pay for the whole, by giving in exchange his hereditary claims upon the succession. See 14 An.

Under the particular circumstances of this case, and without undertaking to lay down any rule upon the subject for other cases, we are disposed to give the defendant the benefit of this reasoning. Perhaps in view of the sums for which the community would otherwise be indebted to his separate estate, and his right of usufruct, the question may not be very important.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed ; and it is now ordered, adjudged and decreed by the court, that plaintiff's demand be rejected, except so far as we do now allow, in the amendment of said inventory, viz : We direct said inventory, made by said *William Brandt*, recorded the 5th day of April, 1858, to be amended, by adding thereto as belonging to the community, the sum of one hundred dollars cash and the one undivided half part of a tract of land of six arpents front, in said parish

of Lafayette, on the west bank of the Bayou Vermillion, by eighty arpents in depth, bounded above by the lands of *Pierre Rosémond Breaux*, and below by lands formerly belonging to *Alcide Saunier;* and also the one undivided half of another tract of land situated in said parish, on the east side of said Bayou Vermillion, immediately opposite the above described tract of land, having five arpents in front more or less, by a depth of forty arpents more or less, being the same adjudged jointly to defendant and *F. C. Breaux*, the one-half of which was subsequently bought of said *F. C. Breaux;* and it is further ordered, that the plaintiffs and appellees pay the costs of the appeal, and the defendant those of the lower court.

---

### SAME CASE—ON A RE-HEARING.

MERRICK, C. J. A re-hearing having been granted in this case, on more mature reflection we have concluded that so much of the judgment as pronounced the property bought by defendant at the probate sale of his father's estate separate property, does not rest upon satisfactory reasons.

We have already decided, that the heir who acquires at a sale made to effect a partition, does not become sole owner under his ancient title as heir, (as was formerly the case,) but is invested with a new title as purchaser, at least to the extent of the interest of his co-heirs. *Hache* v. *Ayraud*, 14 An. 178.

If then the heir acquires by a new title, the property is subject to the rules governing the community, if he be married. And as head and master of the community, all his purchases are presumed to be made an account of the same. It then seems reasonable that if he would except property from the operation of these general rules and would re-invest his separate estate, he should declare his intention in the act by which his acquisitions are evidenced.

It is objected, that as to one-third of this property, the defendant was owner, and that he cannot be considered as purchasing from himself.

The defendant was bound by the decree directing the sale of the common property, and we think it may be safely concluded, that the whole property in the things sold, passed by force of the decree to the *adjudicatee* in his capacity of the head of community. Any other doctrine would introduce complications in the settlement of estates.

We adhere to what has been said in our former opinion respecting the clause in the will exempting the defendant from making an inventory, and what we have also said as to the obligation of the defendant to make a true one, if he undertake to make an inventory at all.

That part of the decree of the lower court annulling the clause of the will, which dispensed the defendant from making an inventory does not appear to us to be important, as the defendant is bound for other reasons, to correct the inventory which he has made.

It is, therefore, ordered, adjudged and decreed, by the court, that the decree heretofore pronounced by us, be set aside; and we do now order, adjudge and decree, that the judgment of the lower court be affirmed with costs.