Hero vs. Bloch et als.

No. 11,084.

CHARLES M. HERO VS. MRS. SARAH BLOCH, WIFE OF EMILE BLOCH,
ET ALS.

1.  A married man intending to purchase property with his separate funds, and
    to hold it for his individual account, must make that intention manifest at the
    time of purchase. The property would otherwise be held under an uncertain
    floating title, neither advisable nor permissible.
2.  A person who has come under an engagement to purchase has the right to in-
    sist upon the tender to him of a good title prior to the institution of a suit
    against him for a specific performance.

APPEAL from the Civil District Court for the Parish of Orleans.
    Rightor, J.

W. S. Benedict and Percy Benedict for Plaintiff and Appellee:

1.  Property acquired during marriage, purchased with the separate funds of the
    husband, " eventually proven to be such contradictorily with the heirs of the
    wife," is separate property. 46 An. 823.
2.  Property purchased during marriage, paid for out of the separate funds
    of the husband, is a charge against the community in favor of the separate
    estate of the husband for the amount of such purchase. 14 An. 619.
3.  There is no law which forever precludes a man establishing the legal status
    of property. The dictum of the court as argued by the defence is at most
    merely directory. 14 An. 619.
4.  The right of action to recover common property is only in the wife, and then
    only under an allegation of fraud. Civil Code, 2404.
5.  A defendant, a third person, can not be heard to discredit the acts of a de-
    ceased father, ostensibly representing the rights of his children. And, a
    fortiori, without an allegation of fraud.
6.  Where a father, natural tutor, appears and judicially admits, as against his
    own interest, that certain property was his own, individual and separate, and
    before trial dies, the burden of proof is shifted to defendant, who alleges same
    to be community property, to prove his latter status.
7.  The law does not sanction any proceeding by an heir looking toward the vili-
    fication or turpitude of the father. 5 Rob. 26.

J. Z. Spearing for Defentant and Appellant.

C. M. Eustis, Curator ad hoc, on the same side :

In order to take out of the community of acquets and gains, and make the sepa-
rate estate of the husband, a piece of property purchased in his name during the
existence of the community, it is necessary that the husband clearly estab-
lish his intention at the time of purchase to make it his seperate estate by
declaration in the act, and mention the fact of the payment out of his indi-
vidual assets, and be ready eventually to establish that last fact. 36 An. 823;
5 An. 611; 7 An. 104; 14 An. 618, 619; 32 An. 162.

The opinion of the court was delivered by

NICHOLLS, C. J.   On January 17, 1880, Thomas W. Collens, Jr., by act before Alcee J. Villéré, notary, purchased from the heirs of P. Mallard, certain property, which forms the subject matter of the present controversy.   At the time of this purchase Collens was a married man.   The act was in the usual form, and it contained no recital that the land was purchased with funds belonging separately to Collens, nor did it contain the slightest intimation that it was being acquired for his individual account.

Mrs. Alice E. Ward, wife of Collens, between whom and her husband there existed presumptively a community, died on or about the 1st of August, 1884, leaving a number of minor children, issue of her marriage with him.

On the 22d day of October, 1884, by act before Charles J. Andry, notary, Collens sold the entire property to Lionel Adams, who in turn, by act of date December 4, 1891, conveyed the property to Charles M. Hero, the plaintiff.

Matters being in this situation, the defendant entered into an agreement to purchase the property from the plaintiff, but she refused to carry out the same, on the ground that plaintiff's title is defective and not such as he was required to give, and she entitled to exact.   She claims that inasmuch as at the time of Collens' purchase of the property he was a married man, it fell into the community between him and his wife; that when the latter died, one-half of the same vested in her minor children, who are still the owners thereof, the sale of their interest therein by their father being that of another person's property without right or authority and absolutely null and void as to them.

Upon this refusal the present suit was instituted, in which Mrs. Bloch, Thomas Wharten Collens, Jr., as natural tutor of his minor children, and Johnson Armstrong as their under tutor, have been made parties defendants.

The object of the action was to obtain first, a judgment decreeing the property mentioned to be free from all claims of the minor children of Collens, and secondly, a judgment ordering Mrs. Block to comply with her promise of purchase.

The plaintiff claims that the property bought by Collens was purchased with and paid for by individual funds derived by him from the succession of his father; that he acquired the property for his

separate estate; that the community left no property; that every-thing acquired by it was exhausted in the support of the family; that the minors have no interest in the property, for were they to be held to have title to one-half it would be practically useless to them, as they would have to account to their father's estate for the purchase price.

Collens, in the answer filed by him as natural tutor of the children, admitted all of plaintiff's allegations. Johnson Armstrong, as their under tutor, pleaded the general issue, and held the plaintiff to strict proof.

Before the case went to trial Thomas W. Collens, Jr., died. C. M. Eustis was appointed curator *ad hoc* of the minors, and made a defendant in that capacity.

The proceedings resulted in a judgment in the court below in favor of the plaintiff, and against the defendants, in conformity with the prayer of the petition.

The defendant appealed. In this court C. M. Eustis has filed a paper in his capacity as curator *ad hoc*, in which he declares that he joins in the appeal taken by the defendant, and prays that the judgment of the District Court be either reversed, or that it be amended so as to adjudge the minors to be the owners of one-half of the property.

In reference to this it suffices to say that the curator *ad hoc* did not appeal from the judgment, and is not before us as an appellant.

The case was tried below with great latitude in respect to the introduction of evidence, and it comes before us in an exceedingly unsatisfactory manner as to the record. A large part of the evidence referred to in the note of evidence was not brought up in the transcript, and although that omission was, by consent of parties, authorized to be corrected, this has only been partially done.

We think the judgment of the District Court erroneous, and it should be reversed.

In the first place, we are by no means satisfied from the facts disclosed by the fragment of the mortuary proceedings in the succession of Wharton Collens further produced before us, that his son received enough from that succession with which to purchase and pay for the property, but had the fact been otherwise, and had he actually employed those funds for that purpose, the legal situation would not be thereby altered.

The property was purchased during the marriage between Collens and his wife; there was, as has been stated, no recital in the act as to the origin of the money which the purchaser was using in the acquisition, and nothing therein tending to show that he proposed and intended to buy for his own separate account. We are referred to the testimony of W. S. Benedict, as to conversations between himself and Collens, in which the latter stated that everything made during the community was absorbed as soon as made—for family charges and expenses, and to the judicial admission contained in Collens' answer as natural tutor.

When the community ended by the death of his wife, Collens ceased to represent it, and he was thereafter without authority to make admissions binding upon his wife's heirs, in respect to their rights therein, particularly in respect to matters in which there was a conflict of interests between him and them.

The judicial admissions made by him in this case, as their natural tutor, under the circumstances and for the purpose they were made, should not be permitted to prejudice and can not prejudice the minors.

Whether the conversations alluded to by W. S. Benedict in his testimony occurred before the death of Mrs. Collens or after, is not shown, but whatever their date, they were, at least, mere loose, casual conversations, entitled to no weight.

The case of Caldwell vs. Hennen, 5 R. 22, bears no resemblance to the present one.

The statements and admissions of the father, mentioned in Caldwell vs. Hennen, were written statements made by him *during the community in connection with dealings being then made with a third person* in respect to certain property, and were subsequently used by that third person as a means of *defence* against claims of the wife's heirs.

It was there held that heirs of the wife claiming title to that property, under the community, were estopped by admissions made by the father during the community, and as its head; that although the title of the property stood in his name, yet in fact it never belonged either to himself or to the community, but to such third person for whom he held it as agent.

We can see no possible application of what was said in that case to the facts, as shown in this. The existence of Hero's rights are

essentially dependent upon his tendering to the defendant a good title. He can not successfully eke out in this action a defective title, and charge defendant with legal obligations, particularly by putting forward by way of attack against her, and as part of the case, verbal declarations of the father with which she had no connection whatever, and to which she is an utter stranger.

We can see nothing in this case to take it out of the line of decisions cited in defendant's brief. 5 An. 611; 7 An. 104; 14 An. 619; 32 An. 163; 15 An. 588; 36 An. 823; 20 An. 531.

Plaintiff claims that there should be an equality between the spouses, and inasmuch as the wife has been held to be authorized to purchase property in her own name and support the purchase as one for her separate account by proof of the fact that her paraphernal funds were used in its acquisition, and this without the necessity of a recital to that effect in the act, the husband should be permitted to do likewise. It is true that equality should be the rule of the community, but there are considerations in this matter affecting others than the parties to the community which are not to be lost sight of. The public are interested in that subject.

When the title of real estate is placed in the name of the wife during the community the public is put upon its guard and on inquiry as to actual existing facts, but title to property in the husband, with no indication in the act of purchase as to the character of the funds with which it is bought, and none of present intention of owning the property for separate account, conveys no notice, and the husband is left free to fix, at such time as might subsequently suit his convenience, or in such way as might best subserve his after interests, the tenure by which it is to be held. The title would be an uncertain floating title, neither advisable nor permissible.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment of the District Court be and the same is hereby annulled and reversed, and that there be judgment in favor of defendant, Mrs. Sarah Bloch, wife of Emile Bloch, against the plaintiff, Charles M. Hero, and rejecting plaintiff's demand.