Statement of the Case.
NICHOLLS, J.
Plaintiff alleged: That on March 12,1906, she made a written agreement to purchase the real estate situated at No. 3324 Camp street, in this city, for the price and sum of $2,950, purchaser to pay taxes for the year 1906, and if the act of sale was not passed by the 1st of April, 1906, the purchaser would be entitled to the rents of the property from the date of April 1, 1906, which property is described as follows, to wit:
“A certain lot of ground, together with the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, and appurtenances thereunto belonging, or in any wise appertaining, situated in the Sixth district of tins city, in the square designated by the municipal number ‘317,’ bounded by Toledano, Magazine, and Camp streets and Louisiana avenue.
“That Mrs. Widow A. Graffagnino and D. Graffagnino, the owners of the said property, are parties to the said agreement, as will more fully appear from the said agreement, which is hereto annexed and made part hereof.
“That the title to the said property was examined by her counsel, and that certificates were ordered, but it developed that there were two minors’ mortgages recorded against the property, as will appear from the mortgage certificates hereto attached and made part hereof.
“That she made demand upon the said vendors to clear the said title and cause the said minors’ mortgages to be erased in the mortgage office, but the said vendors refused and declined to do so, although they were in duty bound to furnish a good, complete and unincumbered title to petitioner.
“That she is advised, believes, and so charges that she will be put to an expense aggregating the sum of five hundred dollars for counsel fees, costs of court, and other expenses in obtaining the release and cancellation of the said minors’ mortgages, as appear on the said mortgage certificate, and she is entitled, under the law, to a judgment of this court compelling the defendant to convey to her a title to the property, and a deduction of the sum of five hundred dollars from the purchase price thereof, in order that the said proceedings and expenses might *266 be incurred, so that the property can remain in her possession unincumbered.
“That she has made demand upon the defendants to cause the said certificates to be freed from the said mortgages, but that the defendants have declined to do so, declaring that they were anxious to recall the sale, but petitioner is not willing to dó so, and insists upon the delivery and possession of the said property, and is willing to pay the purchase price thereof, less the sum of five hundred dollars, which expenses will be incurred by her in obtaining the release and cancellation of the mortgages aforesaid.
“The premises considered, petitioner prays that the said Mrs. Widow A. Graffagnino and D. Graffagnino be duly cited; that notice of this suit be registered in the conveyance office and mortgage office of this parish, and the certificate of the clerk of this court issue for that purpose.
“That, after due proceedings had, there be judgment in favor of petitioner and against the defendants, compelling and ordering them to deliver title and possession to the property No. 3324 Camp street, in this city, upon payment by petitioner of the sum of twenty-nine hundred and fifty dollars, the amount of the purchase price thereof, less the sum of five hundred dollars, to be retained by petitioner as her expenses in obtaining the cancellation of the minors’ mortgages aforesaid.
“That the defendants be ordered to consent to the sale, in accordance with the said agreement of date March 12, 1906, less a deduction of five hundred dollars, to be retained by petitioner, and that petitioner be recognized as the owner of all the rents accruing on the said property from April 1, 1900, and, in default of defendants signing a title to the property in accordance with the foregoing, that there be judgment of this court recognizing petitioner as the owner of the said property upon the deposit by her in the registry of this court of the sum of twenty-four hundred and fifty dollars, the taxes of 1906 to be paid by petitioner, and that petitioner be recognized as entitled to all the rents on the said property from April 1, 1906.
“Petitioner prays for all further necessary orders, costs, and general relief.
“[Sgd.] Robert J. Maloney,
“Attorney for Petitioner.”
To this petition the defendants filed an exception of no cause of action and the plea of estoppel. The exception of no cause of action was overruled, and the plea of estoppel referred to the merits.
The agreement of sale annexed to the petition reads as follows:
“New Orleans, La., March 12, 1906.
“Received from Mrs. George Burch the sum of two hundred and 00/ioo ($200), being deposit on account of the purchase of the property belonging to Mrs. A. Graffagnino and D. Graffagnino, situated at No. 3524' Camp street, for the sum and price of twenty-nine hundred and fifty and 00/ioo dollars ($2,950) cash; purchaser must pay taxes of 1906, and, if the act of sale is not passed by the first of April, the purchaser will have all rents due from that date.
“[Sgd.] Dominick Graffagnino.”
Plaintiff tendered the title of the property, which was received from defendants, to her counsel, but the sale was not made for the reason that the certificate from the mortgage office showed the existence of certain enumerated mortgages upon it
Defendant Dominick Graffagnino, under reservation of his exceptions, answered, denying all and singular the allegations contained in plaintiff’s petition. Further answering, he averred that if he ever entered into any agreement for the sale of the property described in plaintiff’s petition, which he specially denied, that he had the right to< withdraw therefrom.
In view of the premises he prayed that plaintiff’s suit be dismissed.
Mrs. A. Graffagnino, under reservation of her exceptions, answered, pleading the general denial, and, further answering, averred that if she ever entered into any agreement for the sale of the property described in plaintiff’s petition, which she specially denied, that she had the right to withdraw therefrom.
In view of the premises she prayed that plaintiff’s suit be dismissed.
The district court rendered judgment dismissing plaintiff’s suit, and plaintiff appealed.
Opinion.
It is claimed in the petition that on March 12, 1906, plaintiff made a written agreement to purchase the property described therein for the sum of $2,950; that Mrs. Widow Graffagnino and Dominick Graffagnino, the owners of the property were parties to said agreement, as would appear from the agreement annexed. Reference to that instrument shows that neither Mrs. Delia Horn nor Mrs. *268 Graffagnino signed the same, and there is no written evidence of consent by either of them found in the transcript. The evidence discloses that the negotiations in respect to the transfer' of the property prior to the execution of the receipt copied, were conducted by one Wilson, the son-in-law of Mrs. Horn and Dominick Graffagnino, the son of Mrs. Graffagnino. No written authority to either of them to act for and on behalf of his supposed principal has been alleged or shown. During the pendency of the suit the attorney of Mrs. 1-Iorn sought to elicit from Mrs. Graffagnino, through interrogatories on facts and articles propounded to her, that she had consented to the sale and transfer of the property, directly, or through the instrumentality of the agency of her son, but her counsel objected to her answering the same on the ground that, if such consent had in fact been given, it should be established by written evidence. Opposing counsel unsuccessfully urged upon the court that this rule did not apply to the case before the court, as at the time of the alleged agreement the property was under lease to Neilson, and Mrs. Horn was living with him on the premises and therefore she was in physical possession of the property.
This ruling is complained of as contrary to law and prejudicial to axspellant, and it is insisted that the case should be remanded to have the questions asked and answered. The ruling, was correct. There is no basis for a remanding for such purpose. Plaintiff’s pleadings admit that defendants are in possession. The object of the suit is to have plaintiff recognized as the owner of the property and herself placed in possession of the same. Plaintiff alleges she consented to buy the property, and that defendants refused to pass an act of sale to her and deliver possession. If that be true she consented to pay the owners of the property $2,950. This she has not paid nor offered to pay. She claims that the title is defective; that the mortgage certificate shows inscription of mortgages upon the proxierty and that it is defendant’s duty to tender to her a clear title. That might be true if defendants were seeking to force her to accept title and pay the price, but such is not the case. They not only do not seek to force the title upon the plaintiff, but they deny the existence of the rights which she asserts.
It is the duty of a party seeking as plaintiff to obtain an order for the specific performance of a contract to which he declares he has consented, to show that he has performed, or at the least, that he is tendering to perform, that which was to be performed on his part under the contract, and the relief which he seeks at the hands of the court must be that which is legally demandable by him under the same. The court cannot grant him a relief which impairs in the slightest degree the rights of the other party under the contract. If the plaintiff purchased the property described in the petition it is her duty to pay or to tender payment of the exact price she promised to pay. Plaintiff has never tendered to the defendants payment of the $2,950 she agreed to pay, nor called upon defendants to transfer the title of the property to her, nor does she in this suit tender to make payment of that sum. She claims the right to retain in her hands the sum of $500 assumed by her to be the amount which she will have to expend in placing the title in the condition she is entitled to have it placed.
We cannot grant plaintiff’s prayer without recognizing in plaintiff rights to which she is not entitled as matters stand and presently enforcing them in her behalf. To do this, the court would have to modify the contract between the parties (if there be one in fact existing). This it is without authority to do *270 in a suit for the performance of a specific contract. Satterfield v. Keller, 14 La. Ann. 606.
The judgment appealed from is correct, and it is hereby affirmed.