No. 10,321
Orleans

---

S. SANFORD LEVY v. EBEYER & WINTELER, Appellant

---

(March 1, 1926. Opinion and Decree.)
(March 15, 1926. Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 236.**
Warranty against redhibitory vices is implied in every contract of sale unless expressly excluded.

2. **Louisiana Digest—Judgment—Par. 66.**
In awarding plaintiff the restitution of a note it was proper for the trial court to decree that in default of such restitution there should be judgment for the amount of the note, notwithstanding the absence of a prayer to such effect in the petition. The prayer for general relief was sufficient to embrace this additional remedy.

Appeal from First City Court for the City of New Orleans, Hon. Val J. Stentz, Judge.

This is a redhibitory action in which the plaintiff asks to avoid a sale. There was judgment as prayed for, and, in addition, condemned defendant to pay a further sum of $180.00 in default of the return of the note within a reasonable time. Defendant appealed. Judgment affirmed.

Miss Anna J. Vetters of New Orleans, attorney for plaintiff, appellee.

Paul W. Maloney of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a redhibitory action. Plaintiff seeks the avoidance of a sale to him of one Super-Heterodyne Radiola upon the ground that it possessed rehibitory vices. He paid $256.00 for the Radiola. He asks for a judgment for $76.00, the amount he paid in cash, and for a judgment ordering the defendant to return to him his note for $180.00, representing the credit portion of the purchase price.

The judgment was as prayed for, and in addition, condemned defendant to pay a further sum of $180.00 in default of the return of the note within a reasonable time. Defendant has appealed.

Defendant admits that the Radiola was defective, and removed it from plaintiff's house for the purpose of having it repaired. Defendant claims that repairs could not be made here because the "catacomb" where the principal parts of the Radiola are located, its heart, so to speak, is sealed up and "the factory guarantees would be void should we open that Catacomb." The Radiola was, therefore, delivered by defendant to a local jobber, from whom defendant bought it, for the purpose of having the jobber transmit it to the factory for repairs. This proceeding usually requires two or three months, according to the evidence of defendant's manager, and no other and more rapid method of repairing defective Radiolas is available to defendants' customers.

It is contended that this delay is not unreasonable, that the Radiola was sold without express warranty and that the present status of the radio is experimental and uncertain, with no perfect radiolas yet on the market.

Upon the question of warranty, it is sufficient to say that the contract in this case was silent on the subject and that no warranty being expressly waived, it is implied. R. C. C. 1764.

The suggestion concerning the primitive state of the radio seems to us much exaggerated, and, if we are not mistaken, radio activity is in an advanced state of development. Besides, this particular radio had something the matter with its "Catacomb" and was admittedly defective, by which we understand it was defective in view of the present state of development of the radio.

R. C. C. 2520 declares:

"Redhibition is the avoidance of the sale on account of some vice or defect in the thing which renders it either absolutely useless or its use so inconvenient or imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice."

A defect which requires the return of the thing purchased to the factory for repairs requiring two or three months for completion and return, would certainly render the use of the thing "so inconvenient or imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice." Melancon vs. Robichaux, 17 La. 97.

Moreover, this particular radiola was a Super-Heterodyne, costing $256.00, and representing, we are informed, the last word in radiolas. More is expected of a Super-Heterodyne and much better facilities for repairing defective machines should be offered purchasers than was done in this case. It appears from the record that the note given by plaintiff for the credit portion of the purchase price had been negotiated by defendant, and to meet this situation the trial judge decreed that in the event of defendant's failure to return the note, there be judgment for its face, or $180.00. Defendant's final contention is that this cannot be done because it is ultra petitionem.

We think the action of the Court in this regard was proper and supported by the decision in the case of Dubourg vs. Anderson, 7 Morlin 268, to which we have been referred, and from which we quote the following:

"The appellant further contends that the judgment of the District Court is wrong and ought to be reversed, because it awards to the appellees that which they did not ask for, the petition praying for the restitution of the note, and the judgment decreeing payment of a sum of money. We think with the appellant that the judgment ought to have been for the thing prayed for, but in awarding the restitution of a note in hand which the plaintiffs are liable to pay if not returned, the court had a right further to provide that, in defect of such restitution, the amount of the note should be paid. At any rate, the prayer for general relief surely embraced that additional remedy."

See also Ran and Sons vs. Smith, Tessier's Digest, 127.

For the reasons assigned, the judgment appealed from is affirmed.