## GREATER NEW ORLEANS HOMESTEAD ASS'N v. HARVEY.[*]

### No. 14827.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1934.

John J. Wingrave, of New Orleans, for appellant.

Dresner & Dresner, of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff homestead association brought this suit against the defendant alleging that on February 16, 1932, defendant entered into a written contract to purchase lot No. 23 of section B in the Third district of the city of New Orleans "as per original contract which is annexed hereto and made hereof"; that defendant has breached his contract and in consequence is indebted to petitioner in the sum of $826.72, the purchase price mentioned in the contract plus city and state taxes and other incidental obligations of the defendant under the contract. It alleges that it is ready and willing to deliver the property which it agreed to sell and to fully comply with its said contract with said plaintiff. The prayer of the petition is for a moneyed judgment against the defendant in the sum of $826.72.

The defendant answered admitting the execution of the contract and set up certain defenses which did not prevail below, and judgment was rendered against defendant as prayed for and he has appealed.

The case when first presented to us appeared to be one in which there should be an affirmance of the judgment of the trial court for the reason that we felt, as evidently did the judge of the court a qua, that the defenses raised by the pleadings were untenable. Upon examination of the record, however, it appeared that no preliminary tender of title to the property which the plaintiff had agreed to sell to the defendant had been alleged, or proven, and that the case was one in which a moneyed judgment was sought by a proposed vendor against a proposed vendee under an agreement to sell without allegation or proof of compliance or an attempt at compliance with the contract on the part of the vendor. Under the circumstances we doubted the propriety of affirming the judgment.

As the question had not been considered upon the original hearing we reassigned it for reargument. On the second hearing plaintiff's counsel, in oral argument and in brief, contended that the court should consider the proceeding as a suit for specific performance and enter a decree accordingly, citing as authority Smith v. Corcoran, 7 La. 46, where it was held (syllabus) that, "Under the prayer for general relief, suited to the nature and justice of the case, the Supreme Court will render such judgment as would be given in a new suit, to avoid circuity of actions," and the case of Espinola v. Blasco, 15 La. Ann. 426, where the court said, "A mistake in the

*Rehearing granted December 10, 1934.

special prayer ought not to prejudice a party's right to recover on the averments of his petition, when they are sufficient to sustain the proper action, and are followed by a prayer for general relief," and also McDonold & Coon v. Vaughan, 14 La. Ann. 716; Levy v. Ebeyer & Winteler, 3 La. App. 500, 58 C. J. § 574, page 1220; Metairie Park v. Currie, 168 La. 588, 122 So. 859.

The authorities cited are to the general effect that where the averments of a petition are sufficient to sustain an action proper relief will be given in the decree whether it is specifically prayed for or not under the prayer for general relief.

The question therefore is whether the allegations of the petition in this case are sufficient to warrant the court in considering the suit as one for specific performance.

The following articles of the Civil Code and Code of Practice are of interest here:

Code of Practice, art. 410.

"If the object of the obligation on the part of the debtor be real property, a debt, or some other personal right which the debtor has promised to sell, transfer or convey to the creditor, such debtor must previously give written notice to the creditor, to be and appear on a certain day, and at a fixed hour, at the office of some public notary or of some officer exercising similar functions, or at such other place as he may designate, in order there to receive the sale, cession, transfer or conveyance, which he is ready to make to him, either of the real estate, debt or personal right which he had contracted to transfer to such creditor.

"When the debt to be transferred consists in bank stock, the tender of the same must be made at the bank whose stock is to be transferred."

Civil Code, art. 1926:

"On the breach of any obligation to do or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section."

Civil Code, art. 1927:

"In ordinary cases, the breach of such a contract entitles the party aggrieved only to damages, but where this would be an inadequate compensation, and the party has the power of performing the contract, he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts."

In Louisiana Digest, vol. 6, verbo Specific Performance, p. 818, we find the following:

"A party cannot compel the specific performance of a promise of sale, unless he show a specific compliance with his own obligations, or at least an attempt to that effect. (1859) Graugnard v. Lombard, 14 La. Ann. 234; Satterfield v. Keller, 14 La. Ann. 606; (1908) Horn v. Graffagnino, 121 La. 263, 46 So. 305; (1909) Joffrion v. Gumbel, 123 La. 391, 48 So. 1007; (1911) Pratt v. McCoy, 128 La. 570, 54 So. 1012; (1911) New Orleans Polo Club v. New Orleans Jockey Club, 128 La. 1044, 55 So. 668."

"A person who has come under an engagement to purchase has the right to insist upon the tender to him of a good title, prior to the institution of a suit against him for a specific performance. (Young v. Young, 5 La. Ann. 611; Bass v. Larche, 7 La. Ann. 104; Anderson v. Joiiett, 14 La. Ann. 614; Durham v. Williams, 32 La. Ann. 163; Breaux v. Carmouche, 15 La. Ann. 588; Moore v. Stancel, 36 La. Ann. 823; Shaw v. Hill, 20 La. Ann. 531 [96 Am. Dec. 420], cited)—Hero v. Bloch, 44 La. Ann. 1032, 11 So. 821."

In the case at bar there is no allegation and no proof of a tender of title by the plaintiff prior to the institution of the suit, a preliminary requisite under the express codal provisions. In our opinion the authorities relied upon by counsel for plaintiff which authorize the relaxation of strict rules of pleading cannot support its position, because in this suit neither the allegations of the petition nor the prayer, singly or in conjunction, nor the proof admitted upon the trial of the case, would authorize a decree appropriate to an action for specific performance. We cannot ignore positive provisions of law in an effort to rid litigation of unnecessary technicalities nor to avoid circuity of action. Our conclusion is that the suit must be dismissed.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered that plaintiff's suit be dismissed, without prejudice to its right to assert, in a proper proceeding, whatever claims it may have under the contract sued on in this case.

**Reversed.**